## LYNCH *v.* LEURS, Bishop of Indiana.

WILL.—*Partition.*—A testator devised to his wife one-third of his real estate in fee and the remaining two-thirds for her life, directed that after her death such remaining two-thirds should be sold, and bequeathed one-half of the proceeds of the sale to a certain church, and the other half to his brother and sisters.

*Held,* that the widow might have the portion so devised to her in fee set off to her in severalty in a suit for partition, but that, claiming under the will, she could have no legal interest in the question of the capacity of the church to take under the will after her death.

HARMLESS ERROR.—A party cannot complain on appeal of an error by which he is not injured.

APPEAL from the Cass Circuit Court.

Suit for partition, &c. In 1866, Patrick Lynch died at Cass county, Indiana, testate, seized of the real estate desscribed in the complaint, of the probable value of fifteen hundred dollars. He died without issue, and did not leave surviving either father or mother, but left a brother and sisters, whose names are alleged to be unknown, and also Nancy Lynch, his widow, who is the appellant. The will provides for the payment of his debts and funeral expenses out of his personal estate; and in reference to his real estate contains this provision: "I give and bequeath to my beloved wife, Nancy Lynch, the one-third part of my real estate in fee simple, and the use of the remaining two-thirds of my real estate for the period of her natural life. After her death, I direct that said two-thirds part be sold, and one-half part of the proceeds of said sale I give and bequeath to the Catholic Church of St. Vincent de Paul, at Logansport, Indiana, and the remaining half to my brother and sisters."

The complaint was filed by Nancy Lynch, the widow, alleging that her necessities required that for her support she should sell the interest devised to her in fee, which she claims under the will to be one-half of the whole, and therefore prays that partition may be made. It is also alleged in

the complaint that John Henry Leurs, who is made a defendant, is Bishop of the Catholic Church of the State of Indiana, and as such owns the property known as the "Catholic Church of St. Vincent de Paul," situate in the city of Logansport, Cass county, Indiana; that said church has not, and never had, any corporate existence, and that the devise to said church is void, as being to a corporation having no existence.

The complaint prays for a construction of the will, "and that she may be granted the title and possession of the whole of said real estate, as widow of said decedent, and as against all of said defendants." Publication was made against the unknown heirs of the decedent, and they were defaulted. Leurs filed an answer in two paragraphs, admitting that the Catholic Church of St. Vincent de Paul is not, and was not at the death of the decedent, an incorporated body, but alleging that it is, and for many years has been, a regularly organized religious body and organization of persons, associated together according to the canons, laws, and regulations of the Catholic Church of the United States, for the purpose of teaching the gospel and the worship of God, according to the doctrines and belief of the Catholic Church, and that he was, and is, the Bishop of said Catholic Church for the diocese in which Cass county is situate, including said church of St. Vincent de Paul, in Logansport, and as such Bishop is invested in fee of all the property of said church, which he holds in trust for the use of said church, in the teaching of the gospel, the maintenance of religious worship, and the extension of the Christian religion in accordance with the doctrines of said church, of which the decedent was a member, and claims that the property so devised vests in him as such Bishop, in trust for the charitable uses and purposes aforesaid.

A demurrer to the answer was overruled. Issue was then taken on it, and on the final hearing the court found that the plaintiff was entitled under the will to one undivided third of the real estate described in the complaint, and was entitled

to have the same set off to her in severalty; and that she was entitled to the remaining two-thirds during her natural life, and at her death the defendants would be entitled thereto.    Partition was decreed accordingly, which was subsequently made and confirmed.

ELLIOTT, J.—The only question urged here for the reversal of the judgment and proceedings below is, that the court erred in holding that the devise to the Catholic Church of St. Vincent de Paul is a valid one.

The devise to the church is a bequest of personal, and not of real estate, and can only be executed under the will after the death of the appellant.    True, the fund devised is to be the proceeds of real estate, which is required to be sold and converted into personalty before the distribution can be made or the devise executed.    The real estate from which the fund devised is to be raised is given to the appellant during her natural life, and it is only after her death that it is directed to be sold, and the proceeds distributed under the will, one moiety to the church named in the will. It was proper that the appellant should have partition, and the third of the estate devised to her in fee separated from the remainder, which she only holds for life, and given to her in severalty.    But it is difficult to perceive what legal interest she can have in the determination of the question, at this time, as to whom the proceeds of that part of the property, when it shall be sold after her death, shall be distributed.    The appellant claims under the will by which she holds that part of the estate during her life, and we cannot see that she has any legal interest in the question of what disposition shall be made of its proceeds after her death.    We think that question is not properly before us on this appeal.    It is prematurely raised, and by a party having no interest in its decision; and, therefore, it is neither necessary nor proper that we should here determine whether the bequest to the church is valid or void.    If there

was any error in the ruling of the Circuit Court touching that question, it did not injure the appellant, and she cannot, therefore, complain of it.

The judgment is affirmed, with costs.

*D. P. Baldwin,* for appellant.

*N. O. Ross* and *R. P. Effinger,* for appellee.