RUSSELL v. RUSSELL ET AL.

DESCENT.—*Life Estate.*—*Second Wife.*—A widow, who was a second wife, without a child by her late husband, who died leaving children alive by a former wife, is entitled to a life estate only in the real estate of such husband.

SAME.—A widow who is only entitled to a life estate in the lands of her deceased husband, if the lands are sold in proceedings for partition, can have of the proceeds only so much as her life interest was worth.

PLEADING.—*Practice.*—*Cross Complaint.*—A plaintiff in a partition suit can not file a cross complaint; and if filed, it should be struck out on motion, but sustaining a demurrer to it is not error.

DESCENT.—*Life Estate.*—If a widow, who is only entitled to a life estate in the real estate of her late husband, in proceedings for partition, has set off to her one-third of the real estate, in value, for life, it is all she is entitled to.

PRACTICE.—*Supreme Court.*—*Technical Errors.*—For technical errors, a judg-

ment will not be reversed, if on the examination of the whole case substantial right and justice have been observed and done.

From the Grant Circuit Court.

J. Brownlee and H. Brownlee, for appellant.

A. Steele and R. T. St. John, for appellees.

PETTIT, J.—This was a suit for the partition of real estate. The appellant was the second wife and widow of John Russell, and had no child by him, and she was the plaintiff or petitioner below ; and the appellees were the defendants below, and were the children of John Russell by a former wife. There was a partition of the real estate, setting off to the appellant one-third of the same in value for her life. Questions are sought to be raised and presented to this court as to the proceedings, but it is not pretended that one-third of the real estate in value was not set off to the appellant for life ; and the only question really presented to us (for all others resolve themselves into this) is, was the appellant, being the second wife and widow of John Russell, without a child by him, entitled to a life estate or a fee simple in his real estate? In the well and thoroughly considered case of Longlois v. Longlois, ante, p. 60, we held that the widow in such a case was only entitled to a life estate in the realty, and we adhere to that ruling. If that ruling is right, no wrong was done to the appellant, as she has got set off to her one-third of the real estate for her life.

The judgment is affirmed, at the costs of the appellant.

## On Petition for a Rehearing.

PETTIT, J.—A petition for a rehearing has been filed, in which it is insisted that the judgment ought to have been reversed instead of affirmed. It seems to have been the determined purpose of the appellant to have the lands sold, supposing and claiming that, in such event, she would be entitled to one-third of the money absolutely. In this she was and is mistaken. She had but a life estate in the lands, and

if the principal was sold, she could not have the value of the principal, but only so much as her life interest was worth. The first set of commissioners appointed made and reported a partition of the lands, which was set aside at the instance of, and on exceptions of, the plaintiff below, appellant here.

The second set of commissioners reported and made partition. The appellant excepted, alleging that the lands were not susceptible of partition, and that one-third had not been set off to her. These propositions were denied by the appellees; and a jury was empanelled to try these issues, without any objection, but apparently with the consent of the parties and the court, who, after hearing the evidence, found that the lands were divisible, but that one-third thereof had not been set off to the plaintiff. The court on this finding very properly set aside this report, because one-third of the lands in value had not been set off to the widow.

The appellees, all being adults, filed a written consent that one-third of the lands in value might be set off to the plaintiff without any regard to any injury to their remaining two-thirds.

The third set of commissioners appointed reported that the lands were not divisible without injury to the owners. The appellant moved the court to confirm this report, but the appellees filed exceptions to and moved to set it aside. The appellant's motion was overruled, and the appellees' motion sustained, the jury having found the lands divisible as demanded in the petition for partition.

The fourth set of commissioners made partition, giving the appellant one-third of the lands for life.

The appellant's counsel then filed a paper that is called, in the transcript and in his brief and petition for a rehearing, a "cross complaint." How the appellant in this case could file a "cross complaint," we can not imagine. She might have filed an amended or supplementary complaint in a proper case, if done in time, but in this case she could not file a "cross complaint."

The paper filed as a "cross complaint," in substance, states

that at the time the application was filed for partition, asking that one-third of the lands should be set off to her for life, she did not know that she was entitled to one-third thereof in fee simple, but that she has discovered that she is so entitled; and that the defendants threaten to disturb her possession, enjoyment, and improvement of the lands, which places a cloud on her title, and makes it less valuable in market. This paper, called a " cross complaint," ought to have been rejected or stricken out on motion, but as it was disposed of on a demurrer for want of sufficient facts, no error was committed. It showed no right on the part of the plaintiff for any action of the court in her favor. The last report of the commissioners was confirmed on exceptions to it by the appellant and answers to them by the appellees. The last report, its confirmation, and judgment gave the appellant one-third of the real estate in value for life. This was what she was entitled to, and no more.

For technical errors, if any such existed, we can not reverse the judgment below, if substantial right and justice have been observed and done, on the examination of the whole case. 2 G. & H. 122, sec. 101 ; 2 G. & H. 278, sec. 580.

The petition for a rehearing is overruled, at the costs of the petitioner.