SCHORI v. STEPHENS ET AL.

PARTITION.—*When Action for Maintained.*—Both title and possession or the right of possession must be vested in the plaintiff, to enable him to maintain an action for the partition of real estate.

SAME.—*Lands Subject to Life-Estate.*—An action for the partition of lands subject to an existing life-estate can not be maintained by the remainderman, during the existence of such life-estate.

SAME.—*Statute Construed.*—The words "held *or* possessed," used in section 626 of the practice act, should be read "held *and* possessed."

REAL ESTATE.—*Action to Quiet Title.*—*Parties.*—An action to determine or quiet the title to real estate may be brought by any one either in or out of possession, or by one having an interest in remainder or reversion, against any one either in or out of possession, who claims title to or an interest in such real estate, adverse to the plaintiff.

RULE OF PROPERTY.—*Construction of Will.*—*Supreme Court.*—Where, in a case properly presenting the question, the title to real estate devised has been finally determined by the Supreme Court, such decision, so far as it relates to investments in such real estate, made on the faith of that decision, becomes a rule of property, and will not be departed from.

SAME.—*Pleading.*—*Copy.*—*Record.*—A will under which a party claims title to real estate is, at most, only evidence of his title, and forms no part of a pleading alleging such title, although a copy thereof be made a part of the pleading.

SAME.—The intention of a testator can only be reached, as a general rule, by construing together all the provisions of the will relating to the same subject; and, therefore, the proper construction thereof is not presented by a pleading which sets out only part of such provisions.

From the Vanderburgh Circuit Court.

*C. Denby, D. B. Kumler, A. Iglehart* and *J. E. Iglehart,* for appellant.

*C. H. Butterfield* and *B. Hynes,* for appellees.

HOWK, J.—In this action the appellees were the plaintiffs, and the appellant was the defendant, in the court below.

In their complaint the appellees alleged, in substance, that they were the owners, as tenants in common, in fee-simple, subject to the life-estate of one Saleta Evans, of the undivided one-half of the real estate in Vanderburgh county, known and described as the north half of the

north-east quarter of section No. 15, in township No. 6 south, of range No. 10 west; that the appellant, Schori, was the owner, in fee-simple, of the remaining one-half of said real estate; and that the appellant claims to own the whole of said real estate; and denies the title of the appellees to any part thereof. Wherefore the appellees prayed, that their title to said undivided one-half of said real estate might be quieted, and that partition thereof might be made between the appellees and the appellant, according to their said respective interests therein, and for all other proper relief.

The appellant moved the court to strike out all that part of the appellees' complaint which contained a prayer for the partition of said real estate, for the reason that it was not competent to order partition of said real estate, because the complaint showed that said real estate was held by the appellant, as tenant for life under Saleta Evans, and that said Saleta Evans was presumed to be still living, which said motion was overruled by the court, and to this decision the appellant excepted and filed his bill of exceptions, signed and sealed by the court.

The appellant then answered, in two paragraphs, in substance, as follows:

1. That the appellees claimed title to the real estate in controversy, by and under the last will of Robert M. Evans, which was set out in a copy thereof filed with said answer as a part thereof, and had no other claim whatsoever to said real estate; that the appellant was the owner, in fee-simple, of the whole of said real estate, under and by virtue of a deed conveying to him an estate in fee-simple, executed and delivered to him by Saleta Evans and De-Witt C. Evans, on the 16th day of September, 1865; that said Robert M. Evans, late of said Vanderburgh county, prior to and at the time of his death, was the owner, in fee-simple, of the said real estate in the complaint described;

that, shortly before his death, in December, 1842, the said Robert M. Evans duly made and executed his last will and testament in writing, which will was, after the death of said Evans, on the 28th day of February, 1843, duly proved and recorded in the office of the clerk of the probate court of said county, according to law, a copy of which will and of the probate thereof was filed with said answer, as a part thereof; that, at the time of the death of said Robert M. Evans, Camillus C. Evans and said Saleta Evans, his wife, and their four children, named in said will, to wit, Paul Jones Evans, Robert Morgan Evans, Harrison Clay Evans and DeWitt C. Evans, and also Juliana Stephens, a daughter of the testator, Robert M. Evans, named by him in his said last will, were all living, as were also the four children of said Juliana Stephens and Silas Stephens, her husband, named in said will; that, after the death of said Robert M. Evans, and some time in the year 1843, the said Harrison Clay Evans, son of said Camillus C. Evans, and Joshua Wing Stephens, son of said Silas and Juliana Stephens, died intestate, unmarried and without lawful issue, each of them being under ten years of age at his death; that afterward, in the year 1843, another son was born to said Camillus C. and Saleta Evans, his wife, whose name was Berry B. Evans; that afterward, in the year 1844, the said Camillus C. Evans died intestate, leaving his wife, Saleta Evans, surviving him, and also his only children and heirs, the said Paul, Robert, DeWitt and Berry; that afterward, in 1845, the said Juliana Stephens died intestate, leaving surviving her her husband, Silas Stephens, and her three children, to wit, Jane, the wife of James Scantlin, Robert and Henry, and no other child nor the descendant of such child; that afterward, in 1858, the said Paul, Robert and Berry B. Evans, children of the said Camillus C. Evans, deceased, all died intestate, neither of them leaving surviving him at the time of his death any

child or the descendant of any child, the said DeWitt C.
Evans being, after the death of his said brothers, the sole
surviving son and heir of the said Camillus C. Evans; that
afterward the said Robert Evans Stephens, son of said
Silas and Juliana Stephens, died intestate, leaving his wife,
Mary M. Stephens, and his three children, to wit, Ella,
Edgar and Jane Stephens, as his only children and heirs;
that afterward, in February, 1866, the said DeWitt C. Ev-
ans, being then of lawful age, died intestate, unmarried
and without lawful issue, but leaving his mother, the said
Saleta Evans, surviving him as his sole heir at law; that
the testator, Robert M. Evans, in and by the third article
of his said will, among other lands therein mentioned, de-
vised the said real estate, in the appellees' complaint men-
tioned and described, to the said Silas Stephens and John
Shanklin and Marcus Sherwood, and to the survivor or sur-
vivors of them, as trustees, and to their successors as such
trustees, in trust, to and for the following uses and pur-
poses declared in said will; that is to say, in the trust and
confidence that the said trustees, and their survivors and
successors, as such trustees, should and would secure the
rents issues and profits of the said real estate so devised
by said third article of said will, and appropriate and dis-
pose of the same for the benefit of the said Camillus C.
Evans, the testator's son, and his family, during his life,
and after his death, in the event his wife should survive
him, during her widowhood, for the benefit of his said wife
and his children surviving him, subject, however, to the
provisions of the fourth article of said will; that the said
testator, by said fourth article of said will, directed and
provided, that, upon the death of his said son, Camillus,
and upon the death of his wife, Saleta, or upon his death
and the intermarriage of his widow with any other man,
thereupon instantly and thenceforth the said real estate
so devised by the third article of said will, together with

all rents, issues and profits thereof, should go to and become the absolute property of the children of said Camillus C. Evans, living at the happening of such contingency, and such other of his children as might thereafter be born, if any, and the children of any deceased child, in equal proportions, as tenants in common, in fee-simple, that is to say, the children of such deceased child should have the share to which their parents would have been entitled, if living, under said will; and that said Saleta Evans still remained the widow of the said Camillus C. Evans. Wherefore the appellant insisted, that, at the time the said Saleta Evans and DeWitt C. Evans executed and delivered to him the aforesaid deed, they were the owners, in fee-simple, of the whole of said real estate, and that he was then the owner, in fee-simple, of the whole thereof, and he asked to go hence with his costs.

2.   For further answer to so much of the appellees' complaint as contained a prayer for the partition of the real estate described in said complaint, the appellant said, that the appellees ought not to have partition thereof, because, he said, that, on the —— day of——, 1865, the said Saleta Evans, in the complaint mentioned, was the undisputed owner, for her life, of the entire real estate in the complaint described, and at that date the said Saleta Evans conveyed to the appellant all her interest, right, title and estate in and to the said real estate, and the appellant took possession of said real estate under said conveyance, and had ever since had possession thereof; and that said Saleta Evans was still living.   Wherefore the appellant said, that it was not competent for the court to order partition of said real estate at that time, and that partition thereof could not be had until after the expiration of the life-estate of said Saleta Evans; and the appellant denied the residue of said complaint.

The appellees demurred to the first paragraph of the

appellant's answer, upon the ground that it did not state facts sufficient to constitute a defence to their action, which demurrer was sustained by the court, and to this decision the appellant excepted.

The appellees moved the court in writing to strike out all of the second paragraph of the appellant's answer, except the denial therein, for the reason that the court had already decided the point thereby presented, to wit, that the appellees were entitled to partition, notwithstanding the appellant's estate for the life of Saleta Evans in the whole of the real estate sought to be divided, which motion was sustained, and to this ruling the appellant excepted and filed his bill of exceptions.

There was also a cross complaint filed by the appellant, in which he alleged that he had made valuable and lasting improvements on said real estate, under such circumstances that he was entitled to compensation therefor; but, as there was no controversy over this cross complaint, we need not set it out in this opinion.

The appellant withdrew the denial in the second paragraph of his answer, and, declining to amend either paragraph thereof, judgment was rendered for the appellees, as prayed for in their complaint, that they were the owners, in fee-simple, of the undivided one-half of said real estate, subject, however, to the appellant's estate therein for the life of said Saleta Evans; that the appellees' title to the said undivided one-half of said real estate be forever quieted as against the appellant, except as to his said life-estate therein for the life of said Saleta Evans; that the appellant was the owner, in fee-simple, of the other undivided one-half of said real estate; and that partition be made of said real estate, between the appellees and the appellant, according to their said interests therein, and commissioners were appointed to make such partition. To all of which judgment, and especially that portion thereof which awarded partition, the appellant excepted.

Afterward, the commissioners for that purpose reported a partition of said real estate, pursuant to said judgment, which partition the court approved and confirmed, and rendered judgment accordingly, to all of which the appellant excepted.

In this court, the appellant has assigned, as errors, the various rulings and decisions of the court below adverse to him.

In their argument of this cause in this court, the appellant's learned attorneys have presented, for our decision, two points or questions, which arise, as they claim, from the record of this action and the errors assigned thereon. These points or questions are thus stated by counsel:

"1. Conceding the facts stated in the complaint to be true, were the appellees entitled to the partition of the land?

"2. Conceding the facts stated in the answer to be true, have the appellees any title to the land?"

We will consider and decide these two points or questions, in so far as they are fairly presented by the record and the appellant's assignment of errors, in their enumerated order.

1. In this State, we have two statutory provisions which prescribe what persons may have partition of lands and may maintain actions therefor.

In the 1st section of "An act concerning the partition of lands," approved May 20th, 1852, omitting the enacting clause, it was provided as follows:

" That all persons holding lands as joint tenants, or tenants in common, or tenants in coparcenary, may be compelled to divide the same in the manner provided in this act." 2 R. S. 1876, p. 343.

In section 626 of the practice act, which was approved on June 18th, 1852, and was the later act, it was provided as follows:

"Sec. 626. Actions may be brought for the partition of lands, tenements and hereditaments, held or possessed by joint tenants, or tenants in common, in all cases; and the pleadings and practice in such action shall conform to the provisions of this act." 2 R. S. 1876, p. 257.

It is very clear, we think, that the words "held or possessed," as used in this last section, must be construed as if they read "held and possessed;" for it is certain, that the mere naked possession of "lands, tenements and hereditaments," unless such possession is coupled with a holding by title, or at least a color of title, would not enable such possessor to maintain an action or suit for partition. The title and the possession, or right of possession, must concur in the party plaintiff, before he can maintain an action for partition. In the recent case of *Nicholson* v. *Caress*, 59 Ind. 39, it was held by this court, that the plaintiffs' cause of action, in a suit for partition by remainder-men, after the determination of an estate for life, could not be said to have accrued, until, by the death of the tenant for life, "they acquired a possessory right to an interest in the real estate" of which partition was sought. Accordingly it was there decided, that, in such case, the statute of limitations would not begin to run against the remainder-men, until they had acquired such possessory right, by the death of the tenant for life. It seems to us, that the doctrine of the case cited is decisive of the point now under consideration in the case at bar; and therefore we hold, that the court below erred in awarding judgment for partition in favor of the appellees, and in all the subsequent proceedings, pursuant to said judgment.

2. In their discussion of the second point above presented, the appellant's attorneys say: "This question is the same as the one discussed in *Stephens* v. *Evans' Adm'r'x*, 30 Ind. 39." In the case cited this court, GREGORY, J., delivering

the opinion, placed a construction upon certain articles or items of the last will and testament of Robert M. Evans, deceased, a copy of which will and of the probate thereof was filed, as an exhibit, with the first paragraph of the appellant's answer in this action. By this construction it was held, that the children of Camillus C. Evans, under the fourth article of said will, took a contingent remainder in the real estate devised. The appellant's counsel now insist that this construction was erroneous, and that, under the fourth article of said will, the children of said Camillus C. Evans took not a contingent but a vested remainder in said real estate. We are asked to reconsider, revise and reverse on this point the former construction of said will by this court, but this we must decline to do for what we regard as good and sufficient reasons.

Ten years have now elapsed since this court, in the case cited, placed its construction on the said last will of Robert M. Evans, deceased. During those years we may well assume, that, upon the faith of that construction as a finality, investments have been made in the real estate devised, and, to that extent at least, the former decision of this court should be regarded as a " rule of property." For this reason, if for no other, we would be very unwilling to change the construction placed upon said will by this court in the case before cited.

But it seems to us that the last will of Robert M. Evans, deceased, is not properly a part of the record of this cause; and that, for this reason, we are not required to and can not construe its provisions. The will in question was not the foundation of the first paragraph of the appellant's answer, with which the copy of such will was filed as an exhibit. At most, the will was merely evidence of the title asserted by the appellant in said paragraph of his answer to the real estate in controversy. Therefore, the copy of said will was not required to be filed with said paragraph

of answer, and will not be taken as part of the record.   2 R. S. 1876, p. 73, sec. 78.

It is well settled by numerous decisions of this court, that the copy of the will thus filed did not become a part of the record of this action, and can not be looked to for the purpose of determining any question in controversy. *Lytle* v. *Lytle*, 37 Ind. 281 ; *The Excelsior Draining Co.* v. *Brown*, 38 Ind. 384 ; *Brooks* v. *Harris*, 41 Ind. 390 ; *Knight* v. *The Flatrock, etc., Turnpike Co.*, 45 Ind. 134 : *Trueblood* v. *Hollingsworth*, 48 Ind. 537 ; *Wilson* v. *Vance*, 55 Ind. 584.

In said first paragraph of this answer the appellant attempted to give, in his own language, the substance of the third article, and a part only of the provisions of the fourth article, of the said last will of Robert M. Evans, deceased. It is not claimed, however, that he has set out in said paragraph all of the articles of said will relating to the question under consideration, or all even of the said third and fourth articles of said will relating to such subject.   Indeed, it is manifest from the brief of his counsel, that the appellant has failed to set out in said paragraph of his answer the very portion of the said fourth article on which his learned attorneys have founded their arguments for a different construction of said article from the one first made by this court in the case of *Stephens* v. *Evans' Adm'r'x*, *supra*.

In construing the provisions of a will, the object to be arrived at is the intention of the testator, and this intention, if practicable and legal, must be carried into effect. This intention can only be reached, as a general rule, by construing together all the provisions of the will which relate to the subject under consideration.   *Kelly* v. *Stinson*, 8 Blackf. 387 ; *Baker* v. *Riley*, 16 Ind. 479 ; *Craig* v. *Secrist*, 54 Ind. 419 ; *Fraim* v. *Millison*, 59 Ind. 123 ; and *Cann* v. *Fidler*, *ante*, p. 116.

In the case now before us it is very clear, that the construction of the last will of Robert M. Evans, deceased,

·discussed by the appellant's counsel, is not properly presented in and by the record.

By the express terms of section 611 of the practice act, "An action may be brought by any person either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to, or interest in, real property adverse to him, although the defendant may not be in possession thereof, for the purpose ·of determining and quieting the question of title." 2 R. S. 1876, p. 254.

This section authorized the appellees' action to quiet their title, and that far forth sustains the judgment in their favor.

The judgment quieting the appellees' title is affirmed, but the judgment of partition, and all the proceedings in partition pursuant to said judgment, and the final judgment confirming said partition, are reversed, at the appellees' ·costs, and the cause is remanded, with instructions to vacate and set aside said partition judgments and proceedings.