## SWAIN *v.* HARDIN ET AL.

**DESCENTS.**—*Surviving Second Wife without Issue.*—*Life-Estate.*—*Value of, on Partition Sale*—Where a husband dies leaving children by a deceased former wife, and also a surviving second wife without issue, she is entitled, on a sale of his lands in a partition proceeding, to one-third of the proceeds of such sale after payment of costs, reduced to a sum equal to the value of her life-estate.

**SUPREME COURT.**—*Judgment exceeding Finding.*—A party can not be heard to complain in the Supreme Court, that judgment was rendered in his favor by the lower court, for an amount exceeding that found by the court to be due him.

From the Madison Circuit Court.

*H. D. Thompson,* for appellant.

*W. R. Pierse,* for appellees.

WORDEN, J.—This was a complaint by the appellant, against the appellees, for the partition of certain real estate.

The plaintiff was the surviving second wife, without issue, of John T. Swain, who died seized of the land sought to be parted, and the defendants were the children and heirs at law of John T. Swain by a former wife.

The plaintiff was only entitled to, and only claimed, one-third of the land for life, and not in fee.

The commissioners appointed to make partition reported that the land could not be parted without injury to the owners, and a sale was ordered, made, reported to the court, and confirmed.

The gross proceeds of the sale amounted to five thousand and sixty-four dollars, but, deducting the costs in the partition proceeding, two hundred and twenty-one dollars, there was left four thousand eight hundred and forty-three dollars.

The only question presented in the case is as to what portion of this money the plaintiff was entitled.

As we understand the brief of counsel for the appellant,

it is claimed that the appellant was entitled to her proper share of the five thousand and sixty-four dollars, undiminished by the costs of the proceedings, and that the costs should be paid out of the shares of the money going to the defendants.

We see no reason for such discrimination in favor of the appellant. The plaintiff and defendants were tenants in common of the land, the plaintiff having an estate for life in one-third thereof, and the defendants having the fee, subject to the plaintiff's life-estate in the third. Either party had the right to institute proceedings for partition. When the proceedings for that purpose resulted in a sale of the land, it seems to us to have been entirely proper to pay the costs of the proceedings out of the proceeds of the sale, and to divide the net proceeds among the parties according to their respective shares. This was done, and in so doing no error was committed.

One-third of the net proceeds of the sale was one thousand six hundred and fourteen dollars and thirty-three cents, and this entire sum the appellant contends should have been paid to her as her share of the net proceeds.

She would have been entitled to this entire sum, if she had been the owner of one-third of the land in fee.

But as she only owned a life-estate in one-third of the land, she was only entitled to such portion of the net proceeds of the sale of that third as the value of her life-estate bore to the value of the entire estate in that third. This the court found to be one thousand and ninety dollars and fifteen cents. This is the amount found for the appellant, as shown by a bill of exceptions. There is a discrepancy between the amount thus found and the judgment of the court. By the judgment, the appellant was awarded, as her share of the money, the sum of one thousand one hundred dollars and seventeen cents, but she can not complain of this clerical error, if it was such, it being in her favor.

We do not understand the appellant as complaining of the amount adjudged to her, unless she was entitled to the entire third of the net proceeds of the sale. There is no principle of law that could entitle her to the entire proceeds of one-third of the land, when she had only a life-estate in that third.

It may be observed, that the case of *Small* v. *Roberts,* 51 Ind. 281, was a case in which the widow was entitled to one-third of the land in fee. She inherited the third of the land from her former husband, and during her second marriage her hands were tied up so that she could not alienate it. The fee continued in her nevertheless. During the second marriage, the land was sold on proceedings for partition ; and it was held that she was entitled to one-third of the proceeds unconditionally. This was because she owned the fee in the third, though during her second marriage she was prohibited by the statute from alienating it. There is no conflict between that case and the decision herein.

There is no error in the record.

The judgment below is affirmed, with costs.