Shaw *et al. v.* Beers.

---

No. 8515.

## SHAW ET AL. *v.* BEERS.

PARTITION.—*Life-Estate.*—The owner of a life interest in an undivided part of land may have partition, or, if that be impracticable, a sale of the property and division of the proceeds.

From the Crawford Circuit Court.

*N. R. Peckinpaugh* and *W. T. Zenor,* for appellants.

—— *Laird* and *L. Gibbs,* for appellee.

WOODS, C. J.—Proceedings for partition upon the petition of the appellee, claiming as the widow of Andrew Beers, who died intestate seized of the fee. The court found that the appellee, as a second wife, by whom the intestate left no child, was entitled to one-third of the property for life; and that the appellants, as the children and grantees of children by the first wife, were entitled to the fee of the property, subject to the life-estate of the appellee; and finding further, that the property was incapable of partition, ordered a sale and division of the proceeds.

Counsel for the appellant say: "The question we wish to present is this: 'Can the widow who holds but a life-estate force a sale of the fee owned by the others in a proceeding for partition? Can the appellee force a sale of this real estate

over the objections of the appellants, when it will be a loss to the appellants?'"·

It has been held that partition can not be adjudged between remainder-men during the existence of a life-estate. *Schori* v. *Stephens*, 62 Ind. 441; · *Coon* v. *Bean*, 69 Ind. 474. But the right of the owner of a life interest in an undivided part of real estate, to have partition, has been recognized, and, we think, should be deemed to be established. *Swain* v. *Hardin*, 64 Ind. 85; *Russell* v. *Russell*, 48 Ind. 456; *Longlois* v. *Longlois*, 48 Ind. 60.

The statute seems to have been designed to authorize partition among those "holding," " owning," or "having title to" land, and it does not appear to have been held in any case that an ownership in fee was necessary, or that an estate for life was not sufficient; and the right of the holder of such an estate to ask partition being conceded, it follows by force of the statute, R. S. 1881, section 1199, that if the land can not be divided, it may be sold and the proceeds divided.

It is claimed that the property can not be sold for its real value; but this is not a matter of judicial cognizance, and the appellants are not excluded from bidding at the sale.

Judgment affirmed.