[Filed April 14, 1890.]

# LUTE SAVAGE, APPELLANT, *v.* JOHN SAVAGE ET AL., RESPONDENT.

PARTITION OF LANDS—STATUTE.—The right to partition lands is regulated by statute in this State.

PARTITION—REVERSIONER OR REMAINDERMAN.—Prior to the enactment of section 423, Hill's Code, a partition suit could not be maintained by a reversioner or remainderman, and the rule is unchanged by the Code.

REVERSIONERS—REMAINDERMEN.—They may be made *defendants* in a suit for partition, but there is no statute in this State which enables them to sue as *plaintiffs*.

PARTITION—WHO MAY SUE.—The right is only given to one having actual or constructive possession of lands sought to be partitioned. A remainderman or reversioner has neither, but simply an estate to vest *in futuro*.

SEISIN—POSSESSION.—Seisin and possession as now understood mean substantially the same thing. To constitute seisin in fact, there must be an actual possession of the land; to constitute seisin in law, there must be a right of immediate possession according to the nature of the interest.

LIFE TENANT—RIGHT OF ENTRY—PARTITION.—Where the life tenant is in possession and there is no present right of entry in the remainderman or reversioner, they are not constructively seized.

APPEAL from Marion county: R. P. BOISE, judge.

This is a suit for partition. The complaint alleges that the plaintiff and the defendants, with the exception of the defendant Ellen Savage, are the owners in fee simple and tenants in common and hold and are in possession of the lands sought to be partitioned, and which are particularly described in the complaint. It is then alleged that the said defendant Ellen Savage has a life estate in and to said lands which constitute her entire interest in and to the same. John Savage, one of the defendants, demurred to the complaint for the reason the same does not state facts sufficient to constitute a cause of suit, which was sustained by the court below, and a final decree entered dismissing the suit, from which the plaintiff has appealed.

*W. H. Holmes*, for Appellant.

*J. J. Murphy*, for Respondent.

STRAHAN, J., delivered the opinion of the court.

It was conceded upon the argument of this cause that the defendant Ellen Savage has a life estate with all of its incidents in the land sought to be partitioned, and that

the plaintiff with the defendants, except Ellen Savage, have either the remainder or reversionary interest therein, and none other, and the question presented and argued was, whether or not, under such state of facts, the plaintiff could maintain this suit.

The right to the partition of lands is regulated by statute in this State, and consequently an examination of the sources of jurisdiction, and whether it was originally at law or in equity, or was exercised concurrently by both jurisdictions, would be unprofitable. Section 423, Hill's Code, provides: "When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, a suit may be maintained by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appear that a partition cannot be made without great prejudice to the owners." This provision has been the law here ever since the twenty-second of December, 1853, at which time it was enacted by the Territorial legislature, and by its terms took effect on the first day of May, 1854. Laws of Oregon, 1855, pp. 152, 159.

It was copied almost literally from the Code of Civil Procedure of the State of New York. New York Annotated Code, § 1532.

Before proceding to an examination of the provision of the Code, it may be well to see what was the rule prior to its enactment. In *Evans* v. *Bagshaw*, L. R. 5 Ch. Rep. 340, the Court said: "The case, therefore, falls within the ordinary rule that the court will not allow a partition suit to be maintained by a reversioner. This rule is not merely technical, but is founded on good sense in not allowing the reversioner to disturb the existing state of things. There might be a tenant for life of the whole, and several tenants in common in reversion, in which case the inconvenience would be obviously very great. At all events, the rule is unques. tionably settled." And this was affirmed on appeal; L. R.

8 Eq. 469.   The very case supposed by the court is actually presented by this record.   So in *Striker* v. *Mott*, 2 Paige Ch. 387, it was held that a party who had a future contingent interest in an undivided share of real estate, could not sustain a suit for partition of the property.

This case was decided in 1831.   *Brownell* v. *Brownell*, 19 Wend. 367, involved the same question, and arose under the statute rendering possession necessary to the maintenance of the suit, and while holding that an actual *pedis possessio* was not necessary, still the plaintiff must then nave been entitled to the possession, and that she would not be entitled until after the termination of the estate for lives; and that a partition made at that time might be a very unequal one at the termination of such lives.   The distinct question here presented came finally before the court of appeals in *Sullivan* v. *Sullivan*, 66 N. Y. 37, and the decision was adverse to the views of the appellant in this case.

The distinction drawn by most of the authorities in relation to remaindermen and reversioners as plaintiffs and defendants must not be overlooked.   It is the gist of the present controversy.   It is conceded by all the authorities, and I think plainly provided for in the statute, that they may be made *defendants*, and the effect of a decree *against* them as well as others is declared by section 432, Hill's Code; but in this State there is no provision of law which enables them to come into court as *plaintiffs* and compel the tenant for life to submit to a partition.

In *Sullivan* v. *Sullivan*, *supra*, it was held, that although remaindermen and reversioners might be made parties defendant to an action, they could not institute the action, at least as against others not seized of a like estate in common with them.   The right is only given to one having actual or constructive possession of the lands sought to be partitioned.   A remainderman has neither, but simply an estate to vest in possession *in futuro*.   And the court said:   "There was no tenancy in common by the plaintiff with either of the defendants, and the plaintiff did

not hold and was not in possession, either actually or constructively, of any part of the lands sought to be partitioned.    We think it too well settled by authority, as well as upon principle, that a remainderman cannot, against others not seized of a like estate in common with him, maintain the action to disturb the rule.    If the action should be extended and the benefit given to other parties, it must be done by legislation."    No doubt, acting upon the suggestion of the court in this case, the legislature of the State of New York thereafter amended section 1533 of the Code of Civil Procedure, whereby it was provided: "Where two or more persons hold as joint tenants or as tenants in common, a vested remainder or reversion, any one or more of them may maintain an action for the parti tion of real property to which it attaches, according to their respective shares therein, subject to the interest of the person holding the particular estate therein, but no sale of the premises in such action shall be made except by and with the consent, in writing, to be acknowledged or proved and certified in like manner as a deed, to be recorded by the person or persons holding such particular estate or estates; and if in such action it shall appear in any stage thereof that partition or sale cannot be made without great prejudice to the owners, the complaint must be dismissed."

Now, if the rule contended for so ably by appellant's counsel had prevailed in New York prior to the enactment of this statute, its enactment was superfluous and wholly unnecessary.    It was passed not to settle a disputed question of law, but to confer a new right upon remaindermen and reversioners after it had been solemnly adjudged by the court of last resort that they did not possess such right under the then existing law, and the recognition of such right here by the court would be nothing less than plain judicial legislation.    It would amount to the introduction of the rule here by the court, which required an express act of the legislature in the State of New York to introduce there.

*Seisin and possession,* as now understood, mean the same thing. To constitute seisin in fact, there must be an actual possession of the land; for a seisin in law, there must be a right of immediate possession according to the nature of the interest, whether corporeal or incorporeal. 1 Wash. Real Prop. 62.

Under this view there can be no seisin in law where there is not a present right of entry. And where the life tenant is in possession and there being no present right of entry in the remainderman or reversioner, they are not constructively seized, and neither can maintain a suit as *plaintiff* for partition. The authorities generally sustain this view. *Bonner* v. *The Proprietors of Kennebeck,* 7 Mass. 475; *Rickard* v. *Rickard,* 13 Pick. 251; *O'Dougherty* v. *Aldrich,* 5 Denio, 385; *Burhan* v. *Burhan,* 2 Barb. Ch. 398; *Whitten* v. *Whitten,* 36 N. H. 326; *Stevens* v. *Enders,* 13 N. J. 271; *Tabler* v. *Wiseman,* 2 Ohio St. 207; 3 Pomeroy's Eq. Juris. § 1388, note 1.

Counsel for appellant claims that because persons owning interest in remainder or reversion are mentioned in section 432, Hill's Code, as *defendants* who are bound by the decree, that therefore the same persons may be plaintiffs; but the conclusion does not follow. One conclusive answer to this argument is that the legislature has not seen proper to open the door wide enough to let them into court *as plaintiffs,* but has, by the section referred to, and other sections in the same connection, authorized such persons to be made defendants. Counsel for appellants also referred to the opinion of Denio, C. J., in *Blakeley* v. *Calder,* 15 N. Y. 617, with much confidence. That opinion, if law, does sustain the appellant's contention; and while it was delivered by a very eminent jurist, and was concurred in by others equally distinguished, it was not then adopted as law by the court, and has never received the sanction of the court in which it was pronounced.

We think the decree appealed from is correct and must be affirmed.