Filed Feb. 20, 1894.

———◆———

## No. 16,716.

## ROGERS *v.* ROGERS ET AL.

DESCENT.—*Childless Second Wife.—Children by Former Wife.—Statute Construed.*—Where R. died intestate in 1877, leaving a second wife by whom he had no children, but leaving children by a former wife, such wife took only a life estate in one-third of the lands of R., and his children took the fee to such one-third, subject to the wife's life estate; and such interests were not disturbed by the act of March 11, 1889, R. S. 1894, section 2644, *et seq.*

From the Jefferson Circuit Court.

*C. E. Walker,* for appellant.

*A. D. Vanosdol, H. Francisco, C. A. Korbly* and *W. O. Ford,* for appellees.

HACKNEY, J.—Henry Rogers died intestate, at the county of Switzerland, in the year 1877.   The appellant was his second wife, by whom he had no children.   The appellees were children and grandchildren by his first wife.   He died seized of certain lands in Jefferson county, which lands, upon proper petition, notices, bonds, orders, reports and deed, were sold to the appellant, in 1879, to make assets for the payment of debts of the estate.

Rogers *v.* Rogers *et al.*

The appellant's action was to quiet title, and, in her complaint, to which the circuit court sustained a demurrer, she claimed a fee-simple title, not only in the two-thirds subject to sale for the payment of the debts of the estate, but in the one-third taken by her as widow.

It is admitted that under the statutes and decisions, as they stood prior to March 11, 1889, and at the time of the death of said Henry Rogers and said sale to the appellant, she obtained an absolute fee in but the two-thirds of said lands by such sale, and that she, as widow, took one-third in fee subject to a right of inheritance in said children, as her forced or statutory heirs. These admitted rights of the parties at that time, it is argued, have been so affected by the act of March 11, 1889 (Elliott's Supp., sections 423, 424, *et seq.;* R. S. 1894, sections 2644, 2645, *et seq.*), that said children can not become her forced heirs, and, therefore, have neither present nor prospective interest in the one-third so taken by her as widow.

This conclusion of the appellant's learned counsel rests upon the assumption that the act of 1889 is retrospective, and disturbs the rights so admitted to have existed prior to its passage.

It is a familiar rule of statutory construction, that legislation must be given prospective application, unless a different intention is clearly expressed. *Hopkins* v. *Jones*, 22 Ind. 310; *Pritchard* v. *Spencer*, 2 Ind. 486; *Aurora, etc., Turnpike Co.* v. *Holthouse*, 7 Ind. 59; *Flinn* v. *Parsons, Admr.*, 60 Ind. 573; *Stilz* v. *City of Indianapolis*, 81 Ind. 582; *Wilhite* v. *Hamrick,* 92 Ind. 594; *Dale* v. *Frisbie,* 59 Ind. 531; *Maxwell* v. *Board, etc.*, 119 Ind. 20.

The act in question consists of five sections, the first of which establishes two rules of descent and apportionment which are in the following words: "If a man dies

intestate leaving a widow and child or children, not exceeding two, the personal property of such intestate shall be equally divided among the widow and children, the widow taking an equal share with one child, but if the number of children exceed two, the widow's share shall not be reduced below one-third of the whole: *Provided,* that if a man marry a second or subsequent wife and has by her no children, but has children alive by a former wife, the interest of such second or subsequent childless wife in the lands of the decedent shall only be a life estate, and the fee of the same shall at the death of such husband vest in such children, subject only to the life estate of the widow.'' The second and third sections of the act create estoppels where conveyances have been made by the wife, of a supposed life estate, and by the children of a supposed fee, and the rights of litigants in pending suits are saved. The fourth section is as follows: ''The provisions of this act shall not apply in any case where the second childless wife has died and the estate become vested in the heirs of the deceased husband.'' The fifth section declares an emergency. It is not our purpose to construe other sections of the act than the first, but conceding that the second and third are retroactive, and have application to conveyances made prior to the passage of the act, they relate to and secure the rights of purchasers, and do not in any respect express an intention to apply retroactively the rules of descent established by the first section. The most liberal interpretation of the fourth section denies the application of the rules of descent, apportionment and estoppel, created by the act, to cases where the estate has become vested in the children, upon the death of the widow, and under the rule existing prior to this act. It affirms an intention not to apply the provisions of the act retrospectively to at least one class of cases. This, it is in-

sisted, should raise impliedly the presumption of an intention to apply the act to all other cases. Under the authorities cited, it is the rule that we must presume in favor of an intention to apply the act prospectively unless the contrary intention is plainly expressed. The first section of the act, if standing alone, would be subject to but one construction and that of prospective application.

If the act could be held retroactive, there is no reason for holding that it was not intended to reduce the interest held by the widow under the prior statutes, as construed by this court, as well as to reduce or take away entirely the interest which, under such prior statutes so construed, the children should receive upon the death of the widow.

If the act in question, as contended by the appellant, takes from the appellees their interest as the forced heirs of the appellant, then it certainly gives the appellant no more than a life estate.

If she gets but a life estate, she has no right of action to quiet the title to her in fee. To reach any other conclusion from the contention of the appellant, it would be necessary to strike down the act so far as it affected the vested interest of the widow, and uphold it so far as it affected the rights of the appellees.

We conclude that upon the death of Henry Rogers, the appellant as widow took the one-third subject to the right of the appellees, upon her death, to the fee; this the Legislature did not intend to disturb, either by enlarging or diminishing the appellant's interest, nor was it intended to take from the appellees the rights held by them. It is manifest that the act in question was not intended to deprive the children of all interest in the one-third so provided for the widow, who was a second and childless wife, but it was to relieve from confusion

such future estates as might fall under the conflicting decisions as to the character of the widow's interest. It follows that the appellant's interests are measured by the law as it stood when her interests attached, and that the appellees will, upon her death, become the owners in fee of the one-third so held by appellant as the widow of Henry Rogers.

The judgment of the lower court is affirmed.

Filed March 30, 1894.