Tower v. Tower et al.

No. 17,304.

TOWER v. TOWER ET AL.

PARTITION.—*By Tenants in Common in Remainder Limited on Life Estate.—Not Maintainable.*—Tenants in common of an estate in remainder limited upon a life estate can not maintain an action for partition during the existence of the life estate.

From the Spencer Circuit Court.

*H. Kramer, F. W. Henring* and *W. L. May*, for appellant.

*W. C. Mason* and *A. J. Payton*, for appellees.

MONKS, J.—On the 31st day of May, 1893, appellant, Mary Brown, and John Hosey and Almira Hosey, owned in fee simple, as tenants in common, the real estate described in the complaint, subject to the life estate of Almira M. Tower, one of the appellees. Appellant owned the undivided three-fifths, Mary Brown the undivided one-fifth, and John and Almira Hosey, as tenants by entireties, the other undivided one-fifth. On that day, Almira Tower, the owner of the life estate, conveyed by deed the undivided three-fifths of said real estate to appellant. Appellant thereupon brought this action, alleging the facts as stated, and that he was the owner in fee simple and entitled to possession of the undivided three-fifths of said real estate, and asked that the same be set off to him in severalty, etc. Appellees earnestly contend that this can not be done until the death of the life tenant.

It has been held in this State that partition can not be adjudged between remainder men during the existence of a life estate. *Coon* v. *Bean*, 69 Ind. 474; *Stout Dunning*, 72 Ind. 343.

It is established, however, that the owner of a life es-

tate in an undivided part of real estate has the right to have partition of the same. *Swain* v. *Hardin*, 64 Ind. 85; *Russel* v. *Russel*, 48 Ind. 456.

At the time these cases were decided, we had two statutory provisions prescribing the persons who might maintain an action for the the partition of lands. By the first section of "An act concerning partition of lands," approved May 20, 1852; it was provided "that persons holding lands as joint tenants or tenants in common or tenants in coparcenary may be compelled to divide the same in the manner provided in this act." 2 R. S. 1876, p. 343.

In section 626 of the practice act, which was approved June 18, 1852, and was the later act, it was provided (section 626), "Actions may be brought for the partition of lands, tenements and hereditaments held and possessed by joint tenants or tenants in common in all cases, and the pleadings and practice in such action shall conform to the provisions of this act." Under these sections it was held by this court, in *Schori* v. *Stephens*, 62 Ind. 441, that only one having both title and possession or the right of possession vested in him could maintain an action for the partition of real estate; that a remainderman could not maintain such action because he had title but not possession or the right of possession. This seems to be a rule of almost universal application. 17 Am. and Eng. Encyc. of Law, 694, and notes; *Nichols* v. *Nichols*, 28 Vt. 228; 67 Am. Dec. 699, and note on p. 703; *Savage* v. *Savage*, 19 Ore. 112; 20 Am. St. Rep. 795.

These sections of the statutes prescribing what persons may compel partition of lands were amended by the revision of 1881, and now read as follows: "Any person holding lands as joint tenant or tenant in common, whether in his own right or as executor or trustee, may

compel partition thereof in the manner provided in this act. An administrator or executor may also compel partition as a tenant in common or joint tenant may do whenever, in the discharge of his duties as such, it shall be necessary for him to sell the estate of the decedent therein.'' Section 1186, R. S. 1881 (section 1200, R. S. 1894).

Since this amendment, it has been held by this court that the owner of a life estate in an undivided part of land may have partition, or if that be impracticable a sale of the property and the proceeds divided between the life tenant and the several remaindermen, in proportion to their respective interests. *Shaw* v. *Beers*, 84 Ind. 528.

Also that tenants in common of a life estate may compel partition. *Hawkins* v. *McDougal*, 125 Ind. 597, and cases cited.

While it has been uniformly held, in this State, that remaindermen can not compel partition, that is, they can not maintain such action as plaintiffs, they may be made defendants, and be bound by the decree in partition proceedings. *Swain* v. *Hardin*, *supra; Shaw* v. *Beers*, *supra; Lynch* v. *Leurs*, 30 Ind. 411. See, also, *Sullivan* v. *Sullivan*, 66 N. Y. 37; *Savage* v. *Savage*, *supra*.

In *Lynch* v. *Leurs*, *supra*, a testator devised to his wife one-third of his real estate in fee, and the remaining two-thirds for life, and directed that at her death such remaining two-thirds be sold and one-half of the proceeds of the sale paid to a certain church and the other half to his brothers and sisters.

The widow brought an action for partition, and the one-third devised to her in fee was set off to her in severalty, and the remaining two-thirds for life.

On appeal, this court held that such partition was proper.

In *Schori* v. *Stephens, supra,* the action was commenced by the remaindermen to compel partition. Had the same been commenced by Schori, the appellant in that action, who was the owner of the undivided one-half of said real estate and entitled to the possession thereof, he could have compelled partition. The legal propositions enunciated in that case so declare. *Lynch* v. *Leurs, supra.*

In this case, appellant is the owner, in fee simple, and entitled to the possession of the undivided three-fifths of the real estate in controversy, and even under the rule laid down in *Schori* v. *Stephens, supra,* could maintain this action. If he could maintain this action under the section of the R. S. 1876, *supra,* most certainly he can maintain the action under the law as it now exists. *Lynch* v. *Leurs, supra; Allen* v. *Libbey,* 140 Mass. 82; *Mussey* v. *Sanborn,* 15 Mass. 155; *Wood* v. *Sugg,* 49 Am. Rep. 639; *Savage* v. *Savage, supra,* and cases cited; *Sullivan* v. *Sullivan, supra.*

Judgment reversed with instructions to sustain the demurrer to the second paragraph of answer.

Filed May 16, 1895.