### In re The ESTATE OF Harold E. WHITE, Deceased, Appellant.

### No. 29A02–9411–CV–681.

Court of Appeals of Indiana.

June 7, 1995.

Arvin R. Foland, Noblesville, for appellant.

Jerry W. Miller, New Castle, Richard E. Federico, Hagerstown, for appellee.

### OPINION

FRIEDLANDER, Judge.

The estate of Harold E. White appeals the trial court's order directing the executor to value the one-third life estate passing to White's second, childless spouse, Martha White, at the time of the property's sale rather than at the time of White's death.

We affirm.

The facts of this case are that White died on August 9, 1990, survived by his second wife, Martha White. The couple had no children, although the decedent had three children from a previous marriage. The estate was opened on October 22, 1990 and Letters Testamentary were issued to White's son,

Phillip E. White, as executor. Martha filed an Election To Take Against Will By Surviving Spouse. According to the schedule of property filed by Phillip for inheritance tax purposes, the value of White's assets at the time of his death was $245,588.26. Included in this amount was real estate valued at $240,000.00.

After Martha's election, the parties disagreed regarding the value of the real estate. Phillip petitioned the court to "hear evidence on the value of the real estate and make its order determining that value for the purpose of calculations of Martha G. White's interest in this estate according to statute...." *Record* at 64. The court thereupon issued a memorandum stating:

"The Court's research on the law regarding the time at which a life estate passes to a decedent's heirs and the amount of proceeds an heir is entitled to upon sale of said land indicates the following information:

Generally, real estate passes to a decedent's heirs on the death of the owner. *Hutter v. Weiss*, 132 Ind.App. 244, 177 N.E.2d 339 (1961). Therefore, a life estate passes to its designated heir immediately following the death of the owner subject to the administrator's right to subject such real estate to the payment of debts.

In the case of a subsequent, childless spouse, if children remain from the decedent's first spouse, the interest of the second wife in the decedent's lands should only be a life estate. *Rogers v. Rogers*, 137 Ind. 151, 36 N.E. 895 (1894). The fee should vest in the decedent's children, at his death, subject to the second spouses' [sic] life estate. *Id.*

Where a husband leaves children of a first marriage, and also a surviving second, childless spouse, the spouse is entitled on the sale of his lands to such portion of one-third of the net proceeds of the sale of such lands as the value of the entire estate in one-third of the land. *Swain v. Hardin*, 64 Ind. 85 (1878).

No Indiana cases have held that the value of an heirs' [sic] interest in real estate at the time of transfer (at owner's death) is the value the heir is entitled to upon sale of the land.

Therefore, real estate transfers at the death of the owner and the owner of an interest in the real estate is entitled to the value of her interest at the time of sale of said real estate...." *Record* at 67–68.

Nearly one year following this memorandum, the court issued an order stating:

"Comes now the Court having considered the submissions of the parties and being duly advised in the premises and finds as follows:

1. That the Court affirms its earlier determination regarding the (property) value of a second, childless wife's one[-]third interest in a life estate. The monetary value of said life estate is to be determined at the time of the sale of the estate property.

2. That this estate should proceed toward closing." *Record* at 69.

The estate challenges the order in this interlocutory appeal and presents one issue:

Did the trial court err when it ordered the value of Martha's life estate to be determined upon the date of sale of the property rather than upon the date of White's death?

■ We initially note that no brief of appellee was filed. When an appellee fails to file a brief, we may reverse the trial court's ruling upon appellant's demonstration of prima facie error. *Kirk v. Monroe County Tire* (1992), Ind.App., 585 N.E.2d 1366.

■ The estate contends that the trial court's order is contrary to law. A judgment is contrary to law if the evidence is without conflict and leads to but one conclusion which is opposite that reached by the trial court. *Johnson v. Estate of Rayburn* (1992), Ind.App., 587 N.E.2d 182.

The estate argues that the court was required to determine the value of Martha's one-third life estate at the time of White's death. In support of its argument, the es-

tate asserts that under Indiana law an administrator is required to appraise assets at the date of a decedent's death for the purposes of calculating inheritance tax and when a surviving spouse takes a specific devise or bequest pursuant to I.C. 29–1–3–1(b). "Requiring different evaluations for other assets passing to the surviving spouse," the appellant insists, "would provide [an] illogical and inappropriate result." Appellant's Brief at 4.

A subsequent childless spouse is entitled to one-third of a decedent's net personal estate plus a life estate in one-third of the decedent's lands. Ind.Code 29–1–3–1. A spouse becomes entitled to her interest in her husband's real estate immediately upon his death. *Hendrix, Executor v. McBeth et al.* (1878), 61 Ind. 473. Therefore, Martha's one-third life estate passed to her at the time of White's death. The value of Martha's interest did not freeze upon White's death, but rose or fell as the property appreciated or depreciated during the administration of the estate and until the time of sale. Although appellant attempts to distinguish the case of *Swain v. Hardin et. al.* (1878), 64 Ind. 85, because the estate in that case had evidently been closed, we cite *Swain* to illustrate the principle that an electing spouse's interest in her husband's estate vests at the husband's death and the electing spouse is entitled to the value of her share as of the date of sale. In *Swain,* the decedent's second childless wife received a one-third life estate in the decedent's lands. The wife petitioned for partition, and the court held that she was entitled to such portion of the proceeds of the sale of the life estate as its value bore to the value of the entire estate. In applying *Swain* to the facts of the case before us, it is of no moment whether the partition occurred after the estate was closed. *Swain* demonstrates the rule that a spouse's share of the decedent's real estate becomes vested at the date of the decedent's death. The value of the spouse's interest is not fixed on this date, but follows the fluctuations of the real estate market. Martha is entitled to the value of her one-third life estate as of the date of sale of the real estate.

Judgment affirmed.

KIRSCH and RILEY, JJ., concur.