CASE 48—PETITION EQUITY—MAY 19.

## Swearingen v. Abbott, et al.

|      |     |
|------|-----|
| 99   | 271 |
| e112 | 279 |
| 99   | 271 |
| 118  | 655 |
| 99   | 271 |
| 120  | 154 |

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. DECRETAL SALE OF INFANT'S REAL ESTATE.—In an action under the provisions of section 490 of the Civil Code, for the sale of infant's real estate, owned jointly with others, it must not only appear that the property was indivisible, but that the infant had vested estate and was in possession.

BULLITT & SHEILD FOR APPELLANT.

1. Section 490 of the Civil Code requires that the estate owned by the infant in such actions as this must not only be a vested one, but "in possession," and without that the court had no jurisdiction to order the sale. (Malone v. Conn, 95 Ky., 95.)
2. The answers of the life tenant and the joint owner should not be construed as equivalent to their uniting in the petition; an answer can not confer jurisdiction where the court did not obtain it by the original petition; and, besides, the answers do not bring this case within the statute, as the life-tenant had no right to sue his children to obtain a sale. (Malone v. Conn, supra.)
3. In such an action jurisdiction can not be conferred by the cross-

petition of the life-tenant against the remaindermen to have the property sold for debt under section 489, Civil Code, as such an action must be either an independent action, or a cross-petition in a suit wherein jurisdiction has already been obtained.

CHAS. M. LINDSEY ON SAME SIDE.

(No brief in the record.)

GIBSON & MARSHALL AND HUMPHREY & DAVIE FOR APPELLEES.

(No brief in the record.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

While it is manifest the property in this case is indivisible, and perhaps it is to the interest of the infants that it should be sold, still the proceedings do not follow the provisions of the Code authorizing the sale of infant's real estate.

It is true the owner of three-fourths of the realty consents to the sale, and the life tenant by cross petition is seeking to subject the realty to the satisfaction of a lien, yet the infants by their next friend could not bring the action because they were not in possession, and although with a vested estate the possession is with the life tenant and the other joint owner. (Malone v. Conn., 95 Ky., 93.)

This is not a sale for debt within section 489 of the Code, or a proceeding under 491, but an attempt to sell under 490, because the estate was vested in the infants. Whether or not the title passed by reason of the cross petition of the father is a question of doubt; but the purchaser is complaining, and it is not only proper but essential that these statutes regulating the sale of infants' realty should be complied with. If the father has a lien, let him enforce it; or, if the joint tenant wants it sold, let her bring the

action, and not by the next friend of the infants without an averment bringing the case within either of the sections of the Code under which the realty of infants can be sold.

Section 490 not only requires that the estate should be vested, but the possession must be with the infants. Here they have no right to enter because of the life estate in the father.

Reversed and remanded, with directions to set aside the sale and dismiss the petition.