CASE 26—ACTION FOR SALE OF INFANT'S REAL ESTATE—DEC. 6.

112  273
117  292
118  655

112 273
120 154
o120 157

# Dineen v. Hall and Others.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT CONFIRMING SALE AND THE PURCHASER, ELLEN DINEEN, APPEALS. REVERSED.

ABSENT DEFENDANTS—REPORT OF WARNING ORDER ATTORNEY—SALE FOR PARTITION OF PROCEEDS—SALE OF ESTATE OF INFANT IN REMAINDER—NECESSITY OF BOND.

Held:  1. Under Civil Code Practice, sec. 36, and sec. 59, subsec. 5, it is the duty of a warning order attorney to make a careful examination of the record before making his report, and it was therefore error to render judgment for a sale of land in which a nonresident infant had an interest where the only report from the warning order attorney was to the effect that he had mailed a letter, properly addressed to the nonresident, notifying her of the action, and that the letter had not been answered or returned.

2. In an action under Civil Code Practice, sec. 490, for a sale of property jointly owned, the fact that no bond was executed to a nonresident owner or to an infant owner constitutes no ground for setting aside the sale.

3. As that section of the Code authorizes a sale of the vested estate in real property jointly owned, though one of the owners be an infant, only where the estate is "in possession," there can be no sale where an infant has only a remainder interest in one of the shares; and, though a judgment directing the sale in such a way may not be void, still as it is certainly erroneous, and the purchaser might be subjected to many inconveniences, his exceptions to the report of sale should be sustained.

W. A. BYRNE FOR APPELLANT.

Appellant purchased at commissioner's sale the real estate sold by order of court in the case of Ronan v. John H. Hall and Frances Hall, a minor under 14 years of age, which was an action for the sale of said real estate and division of the proceeds between Wm. L. Ronan, the plaintiff in said action, and the said infant, Frances Hall, these two being the only heirs

of Lawrence Ronan, deceased, who owned said real estate in his life time (said Frances being a nonresident). Appellant filed exceptions to the sale as follows:

(1) No bond was given to the nonresident before the judgment or sale.

(2) The report of warning order attorney was not sufficient to bind the infant, he not having specified therein that he examined the papers so as to enable him to ascertain whether or not there was any defense.

(3) The father of the infant had a life interest in the estate, therefore the plaintiff in the action and the defendant were not joint owners in possession, as contemplated by section 490 of the Code.

(4) Because no bond was given under section 497 of the Code.

(5) That the warning order attorney was, at the time of his answer and the rendition of service herein, deputy master commissioner of the court.

Section 493, Civil Code, provides that in sales of property under disability a bond must be given to be approved by the court before the sale is ordered, subject to the provisions of sections 491, 496 and 497, Code, and except in cases mentioned in sub-sections 1 and 2 of section 489.

This bond was not given.

With respect to the report of the warning order attorney, subsections 5 and 7, of section 59, provides his duties. Subsection 5 provides: "If such attorney can not inform the defendant concerning the action, or if he learns that the defendant is under disability other than coverture, or other than infancy or coverture combined, he shall so report to the court and shall make an affirmative defense if he can; or, if he can not make such a defense, he shall so report to the court, and shall be subject with reference to such reports to the provisions of subsection 3 of section 36, and no act of his shall be treated as an appearance of such defense."

Section 7 provides: "No judgment shall be rendered against such defendant if under any disability, other than coverture or infancy and coverture combined, until a defense or report shall have been filed pursuant to subsection 5 of this section."

The report of the warning order attorney is as follows:

"The undersigned warning order attorney herein states, that he wrote the defendant, Frances Hall, at her last known place of residence, Cincinnati, Ohio; that said letter was fully prepaid; that it had the address of the writer thereon with directions to return to him in five days if

not delivered. He says that said letter has not been returned to him, nor has he heard from said defendant. He therefore has no affirmative defense to make to the action.

"GEORGE M. KEEFER, W. O. Attorney."

Unless the words in said report, to wit, "he therefore has no affirmative defense to make," can be taken as a substantial compliance with the provisions of the Code quoted, the report is insufficient.

Section 497 of the Code provides: "In the action mentioned in subsection 2, of section 490, the share of each infant or of a person of unsound mind shall not be paid by the purchaser, but shall remain a lien on the land, bearing interest until the infant becomes of age, or the person of unsound mind becomes of sound mind, or until the guardian of the infant or the committee of the person of unsound mind execute bond as required by section 493."

No bond was given under this section.

W. H. MACKEY, ATTORNEY FOR APPELLEES.

1. In a partition case no bond is necessary to the nonresident before judgment of sale is rendered. Hogue v. Yeager, 21 Ky. Law Rep., 1299-1302; Dorsey v. Kendall, 8 Bush, 298; Madeira v. Hopkins, 12 B. Mon., 602; Harrison v. Hood, 12 B. Mon., 472; Lusk v. Salter, 2 Bush, 201; Benningfield v. Reed, 8 B. Mon., 104; Lampton v. Usher, 7 B. Mon., 62; Shakleford v. Hunt, 4 B. Mon., 263; Bailey v. Fanning Orphan School, 12 Ky. Law Rep., 644.

2. The answer of the warning order attorney in this case was sufficient. Lampton v. Usher, 7 B. Mon., 62, and cases, supra.

3. William L. Ronan, plaintiff in the lower court, had the right to bring the partition suit.

4. It was not necessary to execute bond to the infant, before the sale of the land in partition, and the failure to do so does not affect the title of the purchaser.

5. That the warning order attorney may have been a deputy master commissioner does not affect the title of the purchaser.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

William L. Ronan instituted this action in the Kenton circuit court against John H. Hall and Frances Hall. It is substantially alleged in the petition that the plaintiff and defendant, Frances Hall, a minor under fourteen years of age, having no guardian, curator, or committee in this

State, are the joint owners of certain real estate in Kenton county, being parts of lots Nos. 62 and 63 in the city of Ludlow, with a certain house thereon, all of the value of about $3,000, and that the same can not be divided without materially impairing its value. It is further alleged that John H. Hall, the surviving husband, is entitled to curtesy in the undivided one-half of said estate. Plaintiff prayed for a judgment for sale of the property and for the payment of one-half of the proceeds to him and the other one-half to the defendant, Frances Hall, subject to the curtesy rights of the defendant, John H. Hall. It further appears by affidavit that the said Frances Hall was a nonresident of the State of Kentucky, and a resident of Cincinnati, Hamilton county, Ohio. The defendant John H. Hall filed an answer, in which he admitted each and every allegation in the petition. A warning order was entered against the defendant, Frances Hall, and George M. Keefer appointed warning order attorney for said defendant. On the 2d of June, 1898, the said attorney made the following report: "Undersigned, warning order attorney herein, states that he wrote the defendant, Frances Hall, at her last known place of residence,—Cincinnati, O.; that said letter was fully prepaid, and that the same had the address of the writer on the same, with directions to return to him in five days if not delivered. He says that said letter has not been returned to him, nor has he heard from said defendant. He therefore has no affirmative defense to make to the action. [Signed] George M. Keefer, Warning Order Attorney." Afterwards the cause was submitted, and a judgment of sale rendered, which judgment was executed, and the property sold, and purchased by the appellant at the price of $2,750. Before the sale the property had been appraised at the price of $3,000. Before the

confirmation of the sale the appellant filed exceptions to the confirmation of the sale, which exceptions are as follows: "First. No bond was given to the nonresident before the judgment of sale. Second. The report of the warning order attorney was not sufficient to bind the infant, he having not specified that he had examined the papers so as to enable him to ascertain whether or not there was any defense. Third. The father of the infant had a life interest in the estate; therefore the plaintiff in the action and the defendants were not joint owners in possession, as contemplated by section 490 of the Code. Fourth. Because no bond was given under section 497 of the Code." The court, upon consideration, overruled the exceptions, and confirmed the sale, and from that judgment this appeal is prosecuted.

It will be seen from an examination of subsection 5, sec. 59, and section 36, of the Civil Code of Practice, that it was the duty of the warning order attorney to have made a careful examination of this case before making his report. The report filed in the case seems to negative the idea that the attorney had in fact made any examination of the case, but had simply written to the defendant, and had received no answer, nor any return of his letter, and for that reason made no defense. Hence it was error to render a judgment for a sale of the property without a proper report from the attorney.

We do not think that either of the bonds referred to in the exceptions were necessary to be executed before rendition of the judgment. The failure to execute said bonds in no wise affects the validity of the judgment herein.

The sale sought in this suit was evidently intended to be procured by virtue of section 490 of the Civil Code of Practice, which reads as follows: "The vested estate in real property jointly owned by two or more persons may

. Dineen v. Hall et als.

be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant: (1) If the shares of each owner be worth less than one hundred dollars. (2) If the estate be in possession and the property can not be divided without materially impairing its value, or the value of the plaintiff's interest therein." It seems clear to us that the parties in possession of the property were the plaintiff and John H. Hall; the plaintiff owning the fee of half thereof, and the defendant, John H. Hall, owning a life estate in half thereof, the infant defendant being entitled to one-half after the death of the life tenant. In law the parties in possession were the plaintiff and John H. Hall. It therefore follows that no sale could be had under the provision of section 490.

It may be that the judgment of sale rendered by the court is not absolutely void, but it is certainly erroneous; and as to the confirmation of the sale, even if by the confirmation the title would pass, yet the purchaser might be subjected to many inconveniences, and we are not prepared to say that she might not, by proceedings hereafter instituted by the infant defendant, be deprived of the land.

We are of the opinion that the court erred in overruling the exceptions filed. The judgment of confirmation of the sale is therefore reversed, and the cause remanded, with directions to sustain the exceptions, and set aside the judgment of confirmation, and for proceedings consistent herewith.

Response by Chief Justice Guffy, overruling petition for rehearing:

On account of the zeal manifested by the appellees' attorney in his petition for a rehearing, as well as the practical importance of the question involved, we have determined to file a response to the petition for a rehearing.

The case of Malone v. Conn., 95 Ky., 93, 15 R., 421 (23 S. W., 677), and Aims v. Same, Id., is conclusive upon the question in- volved in the case at bar, and was decided October 31, 1893. The syllabus reads as follows: "Real estate in which infants own a remainder interest can be sold only for the purpose of reinvestment as provided by section 491 of the Civil Code of Practice. There can not be a sale of such property under section 490, Id. And the fact that the life tenant, as guardian for the infant remainder-men, asks for a sale of the property, alleging that the owners are joint tenants, and that the property can not be divided, does not vest the possession in the remainder-men, so as to authorize the sale. Therefore the purchaser at such a sale does not acquire such a title as a court of equity will require one who has purchased from him to accept. While dower is not an estate until assigned, an estate by the curtesy takes effect as a freehold estate immediately on the death of the wife." The case of Swearingen v. Abbott (decided May 19, 1896), 99 Ky., 271 (18 Ky. L. R., 185) (35 S. W., 925), also conclusively sustains the opinion heretofore rendered in the case at bar. The court, speaking through Chief Justice Pryor, said: "While it is manifest the property in this case is indivisible, and perhaps it is to the interest of the infants that it should be sold, still the proceedings do not follow the provisions of the Code authorizing the sale of infants' real estate. It is true, the owner of three- fourths of the realty consents to the sale, and the life ten- ant, by cross petition, is seeking to subject the realty to the satisfaction of a lien; yet the infants, by their next friend, could not bring the action, because they were not in possession, and, although with a vested estate, the pos-

session is with the life tenant and the other joint owner. Malone v. Conn, supra. This is not a sale for debt, within section 489 of the Code, or a proceeding under 491, but an attempt, to sell under section 490, because the estate was vested in the infants. Whether or not the title passed by reason of the cross petition of the father is a question of doubt; but the purchaser is complaining. and it is not only proper, but essential, that these statutes regulating the sale of infants' realty should be complied with. If the father has a lien, let 'him enforce it, or, if the joint tenant wants it sold, let 'her bring the action, and not by her next friend' of the infants, without an averment bringing the case within either of the sections of the Code under which the realty of infants can be sold. Section 490 not only requires that the estate should be vested, but the possession must be with the infants. Here they have no right to enter because of the life estate in the father." This court, in Malone v Conn, supra, speaking through Judge Pryor, said: "The case of Power v. Power 12 Ky. Law Rep., 793, (15 S. W., 523), was not a construction of this section; the court holding only that the widow acquired the title by virtue of the assignment, and not before. The title vests in such a case in the heirs, subject to the widow's right of dower, and there the title remains until dower is assigned. Says Mr. Minor in his Institutes: 'There is a radical difference between a right of dower and an estate by the curtesy. The latter takes effect as·a freehold estate immediately on the death of the wife. On the other hand, dower is not in any sense an estate until assigned.' 2 Minor, Inst., 157. This is the common rule, the widow not being vested with the title or the power. She has no legal seisin or right of entry until dower is assigned. 2 Scrib. Dower, 27. Whether or not

this right of entry is affected by our statute is not neces-
sary to determine, as it is plain the vested interest in re-
mainder, without the possession, did not authorize the
sale under section 490.   In the case of Kean v. Tilford, 84
Ky., 600   5 R., 655, where   the   parties   held   as
tenants   in   common,   their   several   interests   be-
ing   different,   this   court   held   that,   as   the
parties   before   the   court   all   owned   the   realty,   the
mere fact of one interest being greater than another did
not prevent the sale under the statute.   There may not
be a unity or equality of interest, but where the parties,
plaintiffs and defendants, all own the estate and are in the
possession, the fact that one of the essentials required to
create a joint tenancy at the common law is absent will
not preclude a sale under the statute."   It follows that
the title exhibited is not such as the chancellor should re-
quire the appellees to accept.   The opinion of the court
in Kean v. Tilford was delivered by Chief Justice Pryor;
and it will be seen from the foregoing that the court dis-
cusses the case of Kean v. Tilford, and shows that the
opinion in that case is not at all in conflict with the opin-
ion in Malone v. Conn, supra.   It seems to us that there
is a good and valid reason that might be urged in sup-
port of the doctrine announced herein.   In the case at bar,
if the sale of the land was sustained, it would necessarily
follow that there would be a valuation of the interest of
the life tenant (the father), and he would be paid the
amount so found as the value of his life estate, leaving only
the residue of the purchase money to go into the hands of
the guardian of the infants, when, if the property remained
unsold, the infants would ultimately own and possess the
entire estate, and in many instances such a result would
be much more beneficial to the infant than to have the
property sold, and an apportionment of the proceeds made

. between the life tenant and the infant; hence it is that the law requires, in case of a sale of the infant's property, the possession of which is in the infant, that only a vested remainder can be sold, as provided in section 491 of the Code.

From the foregoing, it is clear that the sale in the case at bar was unauthorized, and the petition for a rehearing is therefore overruled.