CASE 83—ACTION BY HENRY LEWIS AND OTHERS AGAINST DANIEL BERRY AND OTHERS FOR THE SALE AND PARTITION OF REAL ESTATE.—SEPTEMBER 27.

# Berry, &c. v. Lewis, &c.

APPEAL FROM M'CRACKEN CIRCUIT COURT—L. D. HUSBANDS, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. REVERSED.

PARTITION—VALUE OF INTEREST—REMAINDERS—STATUTES—CONSTRUCTION.

1. Real estate subject to an assigned life estate can not be sold for the purpose of division, under Civ. Code Prac. sec. 490, subsec. 1, authorizing the sale of real estate for division where the share of each owner is worth less than $100; the value of the share of the life tenant being greatly in excess of such sum.

2. Civ. Code Prac. sec. 490, subsec. 1, authorizes the sale of land for the purpose of division among several owners where the share of each does not exceed $100. HELD, that such language applies to the value of the share of the owner at the time the sale is sought to be made, without reference to the value of the interest at the time it was acquired.

3. A remainder interest is not property in possession within Civ. Code Prac. sec. 490, subsec. 2, authorizing the sale of a vested estate for division if the estate be in possession, and the property can not be divided without materially impairing its value or the value of plaintiff's interest therein.

4. Code, sec. 496, subsec. 2, providing for the sale of land, held in common, and declaring that, if the share of a joint owner be of less probable value than $100, a sale may be ordered, though the owner of a share worth more than $100 may not consent thereto, was intended to protect the owner of a share worth less than $100, and has no application to a sale on the application of a tenant in common claiming a share of greater value.

REED & BERRY, ATTORNEYS FOR APPELLANTS.

1. It is the contention of appellants, that in the sale of infant's land owned jointly by them with others, it must not only appear

that the property is indivisible, but that the infants had a vested estate and were in possession.  Swearingen v. Abbott, &c., 99 Ky., 271.

2. Real estate in which infants own a remainder interest, under the law in this State, can be sold only for the purpose of reinvestment as provided by section 491, Civil Code, and in this case there is no effort to reinvest.

3. A life tenant in property—the remainder being in others— some of whom are infants—can not either by himself nor in conjunction with some of the other remaindermen, sell or have sold by order of the court under any kind of legal procedure said property jointly owned, and no right of action accrues for the sale of said property for the purpose of distribution until the death of the life tenant.  Malone v. Com., &c., 95 Ky., 93.

HUSBANDS & CALDWELL, ATTORNEYS FOR APPELLEES.

While we recognize that there is some apparent conflict in the rulings of this court upon the question of the sale of infant's real estate, on the ground of indivisibility which we can not well harmonize, yet in this case the estate was "vested" the shares of each owner worth less than $100 and this is all that is required by the law.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

In this action it is sought to sell a lot of ground situated in Paducah, Ky., for division of the proceeds among the owners, under section 490 of the Civil Code of Practice. The appellee Henry Lewis, is the owner of a life estate in the land during the life of Mrs. Margaret Berry, from whom he purchased his estate therein.  The children of Mrs. Margaret Berry, eight in number, were originally the owners of all the remainder interest in the estate, but one of them died, leaving infant children, and one sold her interest to Thomas Lewis.   All of the remaindermen, except Thomas Lewis, resist the sale of the land.

The authority of the chancellor to make the sale is rested by the pleadings both upon subsections 1 and 2 of section 490.  The final judgment ordered the property sold, and the

proceeds distributed in accordance with the prayer of the petition, from which the remaindermen have prosecuted this appeal.

The evidence and actual sale under the judgment show the land to be worth $1,400. Mrs. Margaret Berry's age at the date of the judgment was 57 years, and her life estate, under the life tables, was 50.82 per cent. of the proceeds, or something over $700.

It is insisted by appellee that the judgment of the chancellor may be upheld under subsection 1, on the ground that the remainder interest of the appellants is a vested estate, and the share of each owner is worth less than $100. The principle of law involved in this proposition may be sound (Ward v. Edge, 100 Ky., 757, 19 R., 59, 39 S. W., 440), but the facts upon which it is based are not to be found in this case. The record indubitably shows that the share of appellee Henry Lewis in the estate under consideration is worth at least $700, and he is none the less the owner of a share in the property, within the meaning of the section, because his interest is a life estate. By the very terms of the statute, the sale can not be made unless the share of each owner is worth less than $100. The language applies to the value of the share of the owner at the time the sale is sought to be made, without reference to the time the interest is acquired, so that, if one owner purchases the share of another, and thus increased the value of his share  to $100, or more, the sale can not be had under this section, although the remaining shares are each worth less than $100. Subsection 2 of section 490 provides that a vested estate may be sold for division, "if the estate be in possession, and the property can not be divided without materially impairing its value, or the value of plaintiff's interest therein." It will be observed that in

order to make a sale under this provision it is necessary that the estate should be in possession, and we have uniformly held that a remainder interest is not property in possession, within the meaning of this subsection.

Swearingen v. Abbott and other, 99 Ky., 271, 18 R., 184, 35 S. W., 925; Malone v. Conn, etc., 95 Ky., 93, 15 R., 421, 23 S. W., 677; and Dineen v. Hall, 112 Ky., 273, 65 S. W., 445, 66 S. W., 392, 23 Ky. Law Rep., 1615

It follows, therefore, that the judgment ordering a sale of the land is unwarranted, and it is therefore reversed, with directions to dismiss the petition.

Response to petition for rehearing by Chief Justice Hobson.

January 19, 1905.

In the petition for rehearing, counsel call our attention to subsection 2, section 496, of the Code, which reads as follows: "If the share of a joint owner be of less probable value than one hundred dollars ($100.00), a sale of it may be ordered, although the owner of a share worth more than one hundred dollars ($100.00) may not consent to a sale." We are unable to see that this provision has any application to the case before us. The purpose of the provision is to protect the owner of a share worth less than $100. For it applies where the owner of a share worth more than $100 may not consent to a sale. That is not this case. The grammatical construction of the provision would seem to be that the sale of the share of a joint owner which is of less probable value than $100 may be ordered, though the owner of a share worth more than $100 may not consent to a sale of the property.

Petition overruled.