Case 20.—ACTION BY E. L. WARREN AND OTHERS FOR THE PARTITION OF PROPERTY, AT THE SALE OF WHICH P. L. ATHERTON BECAME THE PURCHASER.—March 16.

## Atherton v. Warren, &c.

Appeal from Jefferson Circuit Court, Common Pleas (1st Division.)

EMMET FIELD, Judge.

From an order confirming the sale the purchaser, P. L. Atherton appeals. Affirmed.

Judicial Sales—Vested Estate—Joint Owners—Infants—Remainder-
    men—Under Civil Code, section 490, providing for the sale of
    real property held jointly by two or more persons, if the prop-
    erty be in possession and can not be divided without injur-
    ing its value, such sale may be made where there are vested

estates jointly held, though one of the parties is a life tenant and the remaindermen are infants.

HENRY W. SANDERS for appellant.

We desire to state that this action is simply brought for the purpose of perfecting the title to the property in controversy. The purchaser is perfectly willing to take the property and the appellees are entirely willing that he should have it, the sale being an advantageous one to all parties concerned. The purchaser, however, is naturally unwilling to pay the sum of $90,000 for a piece of property unless the title thereto is perfect.

### AUTHORITIES CITED.

Dineen v. Hall, 23 Ky. Law Rep., 1615; Liter v. Fishback, 25 Ky. Law Rep., 260; Ward v. Edge, 100 Ky., 757; Mays v. Slaughter, 3 Marshall; Malone v. Conn, 95 Ky., 93 Swearingen v. Abbott, 18 Ky. Law Rep., 185; Kean v. Tilford, 81 Ky., 600; Woman's Club v. Reed, 23 Ky. Law Rep., 1346; Civil Code, sec. 490.

WILKINS G. ANDERSON for appellees.

The purchaser objected to the confirmation of the sale mainly on three grounds:

First. Because there is no provision of law for the sale of infants' real estate as a part of or in conjunction with other lands in which they have no interest.

Second. That no bond was executed by the guardian of the infants prior to the rendition of the judgment, as required by sec. 493 of the Code, and the sale was, therefore, void.

Third. That notwithstanding the dower interest of the appellant, Kate Mattingly, might be taken by her creditors, at whose instance the sale was made, yet the infants had the right of occupancy or homestead right in the 218 acres, and the sale could not deprive them of it.

Therefore, if the purchaser was forced to take the land, he could not get possession of this tract at least during the minority of the two infant appellants.

The court (per Judge Hazelrigg) held:

First. That there was no joint ownership between Mrs. Mattingly and her children in the lands adjudged to be sold, and no law authorizing such a sale.

Second. If the land was sold for the purpose of supporting and educating the infants, as recited in the judgment, the failure of the guardian to execute the bond required by sec. 493 is fatal to the judgment; nor can the widow or her creditor enforce a sale of the 218 acre tract under sec. 490 (when no bond is required), by reason of the allegation and proof that it can not be divided

without materially impairing its value. There is no joint owner-
ship, as we have seen, between the widow and the children, and
while the children own jointly, they only own in remainder, and
have no such possession as the statute requires.

### AUTHORITIES CITED.

Dineen v. Hall, 23 Ky. Law Rep., 1615; Malone v. Conn, 95 Ky.,
93; Aims v. Conn, 95 Ky., 93; Swearingen v. Abbott, 18 Ky. Law
Rep., 185; Power v. Power, 12 Ky. Law Rep., 793; Kean v. Tilford,
81 Ky., 600; Fletcher v. Blanton, 8 Ky. Law Rep., 784; May's
Heirs v. Slaughter, 3 Marsh., 508; Ward v. Edge, 100 Ky., 757;
Liter v. Fishback, 25 Ky. Law Rep., 260 Berry v. Lewis, &c., 26
Ky. Law Rep., 530; Shelby v. Harrison, &c., 84 Ky., 144; Howard v.
Slaughter, 94 Ky., 336; Civil Code, secs. 490-491.

OPINION BY JUDGE PAYNTER—Affirming.

This action was instituted under sec. 490, Civil Code
Prac., for the sale of property on the southwest corner
of Chestnut and Fourth streets, in the city of Louis-
ville. The property can not be divided without
materially impairing its value. It belongs to the
estate of L. L. Warren, who died leaving a widow and
nine children. Each child took an undivided one-
ninth interest, subject to the widow's dower. The
widow is dead, and a daughter died before her mother,
leaving her husband, Eugene W. Lee, Sr., and four
children, two of whom, Eugene W. Lee and George
F. Lee, were infants. W. B. Warren, a son of L. L.
Warren, conveyed his one-ninth interest to his mother,
Mary A. Warren. Mary A. Warren died intestate, and
the one-ninth interest conveyed to her by her son de-
scended to her eight surviving children and her grand-
children, the Lees. One son, Cary I. Warren, con-
veyed his undivided one-ninth interest to his sister,
Ella M. Warren. Eugene W. Lee, Sr., is tenant by
the curtesy in one-ninth interest inherited by his wife,
and his four children hold the remainder interest.
And they each inherited from their grandmother,
Mary A. Warren, one-fourth of one-ninth of one-ninth

interest. The foregoing statement shows the condition of the title of the property, as well as the possession at the time the action was instituted. The property was ordered sold, and the appellant, Peter Lee Atherton, became the purchaser at the price of $90,-000. He resisted the confirmation of the sale, chiefly upon the ground that the interest of the two infants could not be sold under sec. 490, Civil Code Prac.

Sec. 490 of Civil Code of Prac. reads as follows: "A vested estate in real property jointly owned by two or more persons may be sold by an order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant: (1) If the share of each owner be worth less than one hundred dollars. (2) If the estate be in possession and the property can not be divided without materially impairing its value, or the value of the plaintiff's interest therein."

This court has been called upon frequently to construe the above section of the Code. In the cases of Berry, &c. v. Lewis, &c., 118 Ky., ——, 82 S. W., 252, 26 Ky. Law Rep., 530; Liter v. Fishback, 75 S. W., 232, 25 Ky. Law Rep., 260, and Swearingen v. Abbott, &c., 99 Ky., 271, 18 Ky. Law Rep., 184, 35 S. W., 925; and Malone v. Conn, &c., 95 Ky., 93; 15 Ky. Law Rep., 421; 23 S. W., 677—the court had this section of the Code under consideration. In each of these cases it appeared that there was either a life estate in the property sought to be sold, or that there was a life tenant or tenant by the curtesy of the entire property sought to be sold, and the court held that it could not be sold for one or the other of these reasons, as it was not an estate in possession jointly owned by two or more persons who are in possession thereof. In Dineen v. Hall, 112 Ky., 273, 65 S. W., 445, 66 S. W., 392, 23 Ky. Law Rep., 1615, the court

Atherton v. Warren, &c.

held that the property could not be sold under section 490, Civil Code Prac. In that case it appeared that John Hall was entitled to curtesy in one undivided one-half of the property sought to be sold, and the fee to that half was in an infant, and the other half of the estate was owned by the plaintiff, so the court denied the right to sell the property because those with vested interests were not joint owners in possession. The court is confronted with the question as to whether or not it will adhere to the opinion in the case of Dineen v. Hall. If it is adhered to, the sale to Atherton is invalid. In the case of Kean v. Tilford, 81 Ky., 600, 5 Ky. Law Rep., 655, there were life estates and remainders over, and the court held the property could be sold under sec. 490. In passing upon the question, the court said: ''In this case all the parties in interest are before the court and vested with the title. In the case of Philip Speed's will, he provides that after the death of his wife his property shall be divided between his children, the children of any who may be dead receiving the share of the parent. This was a vested interest. The same provision, in substance, is found in the will of Joshua Speed. By the codicil he devises an interest in his estate to three of his sisters for life, then to the children of his other brothers and sisters. 'The present capacity of taking effect in possession, if the possession were to become vacant, distinguishes a vested from a contingent remainder.' (Walters v. Crutcher, 15 B. Mon., 2.) All the parties in interest who are sui juris are seeking to have the entire property sold, and the testimony of those who are familiar with the hotel is to the effect that it is not susceptible of division. It is insisted by counsel for the infant that a unity of interests must exist, and a joint right of possession, to authorize a sale of the entire property. That all the unities of

interest, title, time and possession, creating a joint tenancy at the common law, must be found to exist in this case, or the chancellor is without power to adjudge a sale. Such is not the meaning of the Code. A vested estate is all that is necessary or required. Joint tenants, tenants in common, and coparceners are entitled to have a division of their real estate, and, whether called the one tenancy or the other, they have a vested estate; and with such an interest, when the property is not susceptible of division, it may be sold by the decree of the chancellor. Such was the plain purport of the statute.'' In view of these decisions, the court is called upon to reconcile the real and apparent conflict in them. The possession of the property is jointly held by the Warren heirs and Lee, as tenant by the curtesy in an undivided part. The Warren heirs and Lee are tenants in common. The Legislature evidently intended by the enactment of sec. 490 to give joint owners having a vested estate in real property in their possession, when it could not be divided without materially impairing its value or the value of the plaintiff's interest therein, the right to have it sold. Under this provision of the Code, if the value of the plaintiff's interest alone is materially impaired by continuing to hold the property, he is entitled to have it sold. The tenant by the curtesy has a vested interest in the property, the same as have the Warren heirs. This being true, the record presents a case where persons with a joint interest and in possession seek the sale of the property under sec. 490. They have the right to the sale of the property under that section. To take any other view would be to hold that the Legislature intended that, although persons with a vested interest are in the possession of the property, they could be prevented from selling it on account of the small interests of remaindermen. In our

opinion, the intention of the Legislature is effectuated when we hold that property may be sold under sec. 490 where there are vested estates jointly held, although one so holding is a life tenant. This view would be in harmony with the other decisions. of this court which have denied the right of the sale of property under sec. 490 where the possession was in a life tenant alone in possession of the property. From the conclusion we have reached, Dineen v. Hall should be and is overruled.

Our conclusion is that the proceeding under which the appellant, Atherton, made the purchase, is regular, and the court can vest him with the fee-simple title to the property.

The judgment is affirmed.