CASE 10.—ACTION BY W. C. EVERSOLE AND OTHERS
        AGAINST D. Y. COMBS, POLLY ANN COMBS AND
        OTHERS TO REFORM A DEED—October 27.

## Eversole v. Combs, &c.

Appeal from Perry Circuit Court.

L. P. FRYER, Circuit Judge.

Judgment of dismissal; plaintiffs appeal.—Affirmed as to all defendants except Polly Ann Combs.

1.  Partition—Right to Partition—Statutory Provisions.—Civil
    Code of Practice, section 499a, providing for the division of
    land held under a deed or will vesting a life estate in two
    or more persons, with remainder as to each share to the life
    tenant's children, does not apply where one owns a nine-
    tenths interest for life and others own the remainder in the

nine-tenths interest, not under the life tenant, but by conveyance from the testator's children.

2. Partition—Right to Partition—Life Tenants of Land Held Jointly.—Life tenants may enforce a partition of land held jointly.

3. Partition—Life Tenants of Land Held Jointly.—If one owns a nine-tenths interest in land for life, and another owns a one-tenth interest for the life of the same person, and also the same interest in remainder, they might have a partition as between themselves, but could obtain no relief against the other remainderman.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

J. H. Combs died some years ago a resident of Perry county, leaving a widow, Polly Ann Combs, to whom was allotted as dower in his estate, a tract of land containing 391 acres. On October 10, 1907, she conveyed by deed to W. C. Eversole and others an undivided one-fifth interest in this tract of land. J. H. Combs left five children who conveyed their remainder interest in the land to different persons; W. C. Eversole and his associates becoming the owners of a one-tenth interest in the remainder. They brought this suit against Polly Ann Combs and the other persons who owned the balance of the remainder outside of the one-tenth which they owned themselves, asking that the land be divided and that their one-tenth be set apart to them. They also alleged in their petition that the deed which Polly Ann Combs made to them by mistake conveyed an undivided one-fifth of the dower, when they only bought an undivided one-tenth, and that, by mistake of the draughtsman, the deed called for one-fifth, when it should have called for one-tenth. They prayed that the deed be reformed to conform to the intention of the parties. The circuit court sustained a general demurrer to the

petition, and, they declining to plead further, the action was dismissed, and they appeal.

Section 499a of the Civil Code of Practice provides for the division of land where it is held under a deed or will vesting a life estate in two or more persons, with the remainder as to each share to the life tenant's children; but this section has no application to the case before us. Polly Ann Combs owns nine-tenths of the land for life under the allegations of the petition, and the other defendants own the remainder in this nine-tenths. They do not hold under her, but under the children of J. H. Combs. Since the statute of Henry VIII. life tenants have been allowed to maintain an action to enforce a partition of land held jointly. 21 Am. & Eng. Cyc. of Law, 1153; Freeman on Partition, section 439. If appellants own one-tenth of the tract of land for the life of Polly Ann Combs and she owns nine-tenths of it for her life, they may have the tract divided as between her and them. They are entitled to no relief against the other remaindermen, and, at the death of Polly Ann Combs, the whole body of land will have to be divided again. But the appellants may have their one-tenth set apart to them now, so that they can hold and use it during her life. If the dowress should sell one-half of her land to one person and one-half to another, one might not be able to get the full benefit of his purchase if he could not require a division, and he who owns one-tenth is as much entitled to a division as the one who owns five-tenths. When the land is thus divided, appellants will be under the obligation to care for it and use it as other tenants for life. The division will be made only between them and Polly Ann Combs. It will affect no one else's rights, and will confer upon them no rights beyond the life of Polly Ann Combs.

If a mistake was made in the deed from Polly Ann Combs to them, it may be corrected in this suit before the division is made.

The judgment is affirmed as to all of the defendants, except Polly Ann Combs. As to her it is reversed, and the cause is remanded for further proceedings consistent herewith.