## Fullenwider v. Johnson, et al.

(Decided October 19, 1911.)

### Appeal from Shelby Circuit Court.

1. Infant's Real Estate—Sale of.—Under section 490 of the Code the court has no jurisdiction to order a sale of indivisible real prop-erty in an action brought by the widow against an infant who owns the property subject to the dower right.

2. Sale Under Section 490 of the Code.—Under section 490 of the Code, the estate must be vested, be in possession and owned jointly, before it can be sold upon the petition of one of the own-ers.

P. J. BEARD for appellant.

PEAK, HOLLAND & DAVIS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

W. J. Johnson, a citizen of Shelby county, died intes-tate, the owner of a house and lot in Shelbyville, and left surviving him his widow, Lillian Johnson, and an infant son, John T. Johnson. The widow in her own right and as guardian of her son, brought this action against the son for the purpose of having the house and lot sold, in which she had a dower interest, her son owning the re-

mainder, and for a distribution of the proceeds between them as the court might direct—the property being indivisible. The infant child being represented by a guardian ad litem, the court directed the property sold, and Fullenwider became the purchaser at the decretal sale. Although the purchaser desires to retain the property, being doubtful if he obtained a good title under the judgment and sale, he excepted to the sale upon the ground that the court had no jurisdiction to order a sale of the property. The exceptions being overruled, he prosecutes this appeal.

It is the contention of appellee, Mrs. Johnson, that the judgment is authorized by section 490 of the Civil Code, reading:

"A vested estate in real property, jointly owned by two or more persons, may be sold by an order of a court of equity in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant. * * * If the estate be in possession and the property can not be divided without materially impairing its value or the value of the plaintiff's interest therein."

Sharply presented, the question is—has the court jurisdiction under section 490, upon the petition of the owner of a life estate in one-third of indivisible real real property to order a sale of it for distribution of the proceeds. In Liederkranz Society v. Beck, 8 Bush, 597, the court had before it the precise question here involved. In that case, Mrs. Beck brought suit to have indivisible property in which she had a dower estate and her infant son owned the remainder, sold for distribution of the proceeds between them. The purchaser resisted the payment of the purchase money upon the ground that the court had no jurisdiction to order the sale. The statute then in force under which the proceedings were had provided that—

"When land is held by co-parceners, joint-tenants, or tenants in common, or otherwise by several parties, a court of equity having jurisdiction thereof may, upon a petition of a part of such owners against the others, order a sale of such land, and a division of the proceeds among those entitled, where it shall have been made to apear to the court by competent proof that a division of the land would materially impair its value." * * *

In the course of the opinion, the court, holding that the sale was not authorized by the statute, said:

"The primary question in the case is whether Mrs. Bertha Beck, as Dowress, is an owner or proprietor of such an interest or part of the property, within the meaning of the act, as enables her to institute this suit. It is obvious from the language of the statute that it provides for the sale of real estate held by two or more owners, entitled to separate parcels, and that a division of it among those entitled would impair the value, or that the several parts after the division would not be worth as much as the property would be as a whole or in an undivided state. The division contemplated by the statute is a permanent separation of the property into distinct parcels, and not a mere allotting or setting apart for a particular purpose a portion of it for a period limited in duration, but which must terminate, though the time of the termination be uncertain, when the whole will revert to and unite in the person who owned all but the particular estate."

The rule announced in the Beck case was approved in Lee v. James, 81 Ky., 446; and we do not find that it has ever been departed from, and we are not disposed to abandon it now. Nor is there any substantial difference between the statute construed in the Beck case and section 490 of the Code. Indeed, the statute is more liberally worded than the Code; and, if a sale in a case like the one before us was not authorized by the statute, clearly it would not be by the Code. It will be observed that under the Code a vested estate in real property in possession jointly owned by one or more persons may be sold. So that, before a sale can be ordered under this section, three things must concur—the estate must be vested—be in possession—and jointly owned. The fact that the estate of the parties is a vested estate, or that they are in possession, will not be sufficient to confer jurisdiction, unless it also appears that the estate is jointly owned. It may be conceded that the widow and the infant each owned a vested estate, and that both were in possession, the widow of her dower interest and the infant of the remainder of the estate, but the question remains, was it jointly owned in the meaning of the Code. The infant owned the fee, subject to the life estate or dower interest of the widow in one-third, or, in other words, the widow owned a life interest in an undi-

vided one-third. In our opinion this did not constitute a joint ownership in the proper meaning of the Code. To constitute a joint ownership, the shares of the owners must generally extend to the whole estate and be such as that neither of the joint owners would have an interest in the proceeds set apart to the other joint owner. To illustrate, if A. and B. own the fee in indivisible property, it may be sold on the petition of either and each will take his share of the proceeds independent of the other. But this rule was extended in Atherton v. Warren, 120 Ky., 151, so as to permit a sale of indivisible property where one owned the fee in his share and the other share was owned by a life tenant and remainderman. In that case, except as to one share all the joint owners of the property owned the fee. In one share the remainder was owned by infants, and their father owned the life estate. The title being in this condition, the court held that a sale might be ordered under section 490. But that case is quite different from this. Here the whole estate is owned by one, subject to a life interest in one-third, and the life tenant is asking that the property be sold for a distribution of the proceeds, and in the proceeds going to the life tenant the remainderman has an interest as upon the death of the life tenant her share would go to him unless the present value of the life estate could be paid over to the life tenant. In view of these facts it can not be held that the joint ownership is of such a character as to authorize a sale of the property upon the petition of the life tenant. In this case the life tenant is not a joint owner with the remainderman.

As the jurisdiction to sell the infant's land is purely statutory, and the court has no jurisdiction to order a sale unless authority for it can be found in the Code or Statutes, the judgment is reversed with directions to sustain the exceptions.