## Hatterich v. Bruce, Guardian, et al.

(Decided December 4, 1912.)

### Appeal from Harrison Circuit Court.

1. Land—Sale of at Suit of Infants by Statutory Guardian—Provision of Code.—Real estate owned by infants, subject to the widow's dower, may, if indivisible and the widow consents to accept in money the value of her dower as fixed by the court according to her life expectancy, be sold at the suit of the infants by their statutory guardian for a division of the proceeds, as provided by section 490, subsection 2, Civil Code, as in such case the property is a vested estate, jointly owned and in possession, as thereby defined.

2. Same—Right of Infants Not Affected by Widow's Joining as Plaintiff.—The right of the infants to a sale of the property is not affected by the widow's joining with them as a plaintiff in the action; as she thereby merely assists them to accomplish an end to which she could assent, or equally assist, if made a defendant.

3. Same—Distinguishing Case from Others Cited.—The opinion distinguishes the case from that of Fullenweider v. Johnson, et al., 145 Ky., 19, and other cases therein cited, in which sales of real estate, similarly owned, were not allowed under section 490, subsection 2, Civil Code, at the suit of the life tenant alone.

CASON & COX for appellant.

CHESTER M. JEWETT for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal prosecuted by the purchaser of real estate at a decretal sale, from a judgment overruling his exceptions to the report of sale and confirming the report. The real estate consists of a house and lot situated in the city of Cynthiana. The price bid therefor by appellant was $1,100, which exceeded its appraised value by $300. It was jointly owned in fee by the four infant children of William Wallace Bruce named in the record, subject to the dower of their mother, Rose C. Bruce, therein.

William Wallace Bruce died intestate November 8, 1906, a resident of Boyle County, Kentucky, survived by his widow and four children. The widow was appointed and duly qualified as statutory guardian of the four infant children and she in her own right, and as such guardian, and the children in their own right, brought suit under section 490, Civil Code, to obtain a decree for the sale of the house and lot in Cynthiana and a division of the proceeds among them according to their respective interests. It is conceded that the parties in interest were all properly before the court, and that the proceedings leading to the decree and sale were in all respects regular.

Confirmation of the sale was resisted by the purchaser upon the ground that the circuit court was without jurisdiction to adjudge a sale of the property; it being claimed that the estate was not a vested one, in possession and jointly owned, within the meaning of section 490, subsection 2, Civil Code. The section of the Code, supra, provides:

"A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant.

"(1)  If the share of each one be worth less than $100.

"(2)  If the estate be in possession and the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein."

The depositions appearing in the record show, beyond doubt, the indivisibility of the property; that the house thereon is in a bad state of decay and of little value; that it would require from $800 to $1,000 to repair the property, and that only by its sale could loss to the joint owners be prevented.

Since the death of William Wallace Bruce dower in this property has not been assigned the widow, but she and the children have been all the while in possession and control thereof; having together received and used the rents in the ratio of their respective interests. As the jurisdiction to sell the lands of infants is purely statutory, it necessarily follows that in an action brought for that purpose the statute must be substantially pursued. We have repeatedly held that the circuit court is without jurisdiction, under section 490, Civil Code, to order a sale of indivisible real property in an action brought by the widow against an infant, who owns the property subject to the dower right. Fullenwider v. Johnson, &c., 145 Ky., 19; Liederkranz Society v. Beck, 71 Ky. (8 Bush), 597; Lee v. James, 81 Ky., 446.

It appears that in Fullenwider v. Johnson, &c., supra, the parties interested in the land were the widow and her infant child; the widow being the plaintiff, and the infant the defendant in the action. The infant owned the fee subject to the widow's dower, that is the life estate of the latter in an undivided one-third of the land. This status, it is said in the opinion, did not constitute a joint ownership in the proper meaning of the Code; and that "to constitute a joint ownership, the shares of the owners must generally extend to the whole estate and be such as that neither of the joint owners would have an interest in the proceeds set apart to the joint owner." This conclusion is explained in the opinion, after differentiating the case from that of Atherton v. Warren, 120 Ky., 151; as follows:

"Here the whole estate is owned by one, subject to a life estate in one-third, and the life tenant is asking that the property be sold for a distribution of the proceeds, and in the proceeds going to the life tenant the remainderman has an interest as upon the death of the life tenant her share would go to him unless the value of the life estate could be paid over to the life tenant. In view of these facts it cannot be held that the joint ownership is of such a character as to authorize a sale of the property upon the peition of the life tenant."

In Malone v. Conn, &c., and Aimes, &c. v. Same, 95 Ky., 93, the tenant by the curtesy brought suit against the remaindermen for a sale of the land under section 490, Code, upon the ground of its indivisibility, but the sale adjudged by the lower court was held invalid upon

the ground that the possession being wholly with the estate for life (i. e., the life tenant), there was no joint ownership or possession in the meaning of section 490, Code, therefore, its provisions did not apply. The doctrine announced in Malone v. Conn and Aimes, &c. v. Same, supra, was applied in Berry v. Lewis, 118 Ky., 652; Liter v. Fishback, 25 R., 260; Swearengen v. Abbott, &c., 99 Ky., 271, in none of which cases was there a joint ownership or possession of the property sought to be sold, in the meaning of the statute.

In Atherton v. Warren, 120 Ky., 151, it was held that a sale of indivisible real estate would be permitted under section 490, Code, where, as in that case, one owned the fee in his share and the other share was owned by a life tenant and remainderman; or to be more precise as to the interests of the parties, except as to one share, all the joint owners of the property were vested with the fee. In the one share, referred to the remainder was owned by infants, and the life estate by their father.

In Wormald's Gdn., &c. v. Heinse, 28 R., 1022, the judgment of the circuit court refusing a sale of the real estate involved under section 490, Code, was reversed. Suit was brought by the infant and her guardian to obtain the decree. The property was jointly owned by the infant and her aunt, one moiety each; but the father of the infant owned a dower right in her undivided half, the value of which he was willing to take in money. The father and aunt were made defendants. In the opinion Atherton v. Warren, supra, was relied on as an authority in point and the doctrine therein announced held to entitle the infant to the sale of the property as prayed.

In our opinion the case at bar comes within the rule declared in Atherton v. Warren, and Warmold's Gdn. v. Heinze. The possession of the property is jointly held by the infants and their mother, though the latter is but the tenant for life in an undivided third in value of the whole; and the property cannot be divided without materially impairing its value and that of the several owners therein. Moreover, the widow asks and will be permitted to take, absolutely, the value of her dower in money payable out of the proceeds of the property; the amount to be fixed by judgment of the court according to her life expectancy as estimated by the insurance life tables.

As before remarked, the cases in which apparently similar sales of the property were refused, were actions brought alone by the widow as life tenant of an undivided third, or a tenant by the curtsey of the entire property sought to be sold. Whereas, here the action was brought by the infants and their guardian as well as by the life tenant. This case, because of its dissimilarity in the respect indicated, is not to be controlled by the opinion in Fullenwider v. Johnson, supra, for in that case, although the whole estate was owned by one, subject to the life estate of the widow in one-third, the sale of the property was asked at the suit of the widow alone, and the remainderman, in case of a sale of the property, would have had an interest in the life tenant's share of the proceeds, as upon her death it would go to him. Here the infants can have no interest in the widow's share of the proceeds of the property as she will be paid the present value of her life estate therein. So, in view of this fact and the further fact that the sale is asked by the infant owners and their guardian, the joint ownership is of such character as to authorize a sale of the property upon their petition; and as the widow by joining as a plaintiff in the petition is but voluntarily uniting with the infants to accomplish, what she would have consented to, if made a defendant to the action, the right of the parties to the sale of the property cannot be affected by the fact of her being a plaintiff.

It seems to have been the policy of this court to withhold its approval of sales of real property, under section 490, Civil Code, when made at the suit of life tenants owning unassigned dower therein, or life tenants by the curtesy, but not to prevent such sales when asked by joint owners or tenants in possession, interested as are the infants in this case.

Not only is the proposition last stated supported by Atherton v. Warren and Warmold's Gdn., &c. v. Heinze, supra, but it is likewise supported by Jenkins v. McVaugh, 145 Ky., 205, wherein it was held that a court of equity has jurisdiction under section 490, subsection 2, Civil Code, and at the suit of infants by their statutory guardian, to sell real estate owned by them, and in which they also had a right of homestead, under section 1707, Kentucky Statutes. The widow of the decedent and mother of the infants, who owned a dower interest in the land, and was equally entitled with the infants to a homestead, was a plaintiff in the action.

In view of the construction given the provisions of section 490, subsection 2, Civil Code, by the three authorities last mentioned, we think the circuit court had jurisdiction to adjudge a sale of the property purchased by the appellant.

The validity of the sale was not affected by the failure of the guardian to execute the bond required by section 493, Civil Code, before the sale was ordered. In a sale of property under section 490, subsection 2, Civil Code, the bond to the infant required by section 493, need not be given. The judgment provides that the share of each of the infants in the proceeds of the property shall remain a lien thereon, bearing interest, until the guardian of the infants execute bond as required by section 493. This provision of the judgment amply protects the infant and the required bond may yet be executed by the guardian before payment by the purchaser of the sale bond executed by him. Such procedure is allowed by section 497, Civil Code, which provides:

"In the action mentioned in subsection 2 of section 490, the share of an infant or of a person of unsound mind, shall not be paid by the purchaser; but shall remain a lien on the land bearing interest until the infant become of age or the person of unsound mind become of sound mind or until the guardian of the infant, or the committee of the person of unsound mind, execute bond as required by section 493."

Judgment affirmed.

Whole court sitting.