## Turley, et al. v. Turley, et al.

(Decided December 6, 1921.)

### Appeal from Madison Circuit Court.

Partition—Life Estates—Remaindermen—The Fee Owners of an Undivided Portion of Land May Have Partition Against the Owner of the Life Estate and the Owners of the Remainder in the Other Portion.—Under section 499, Civil Code of Practice, au-

thorizing a division of land held jointly with others, and requiring all persons interested in the property to be made parties, the fee owners of an undivided portion of the land may have a partition thereof that will be binding not only on the owner of the life estate in the other portion, but the owners of the remainder after the life estate.

C. C. WALLACE for appellants.

A. R. BURNAM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

W. B. Turley and Bessie T. Bruce own the fee in a little less than an undivided half of a tract of land containing 189.7 acres. Nannie Turley owns a life estate in the other undivided portion of the land, while the remainder, after the life estate, is owned jointly by R. E. Turley, G. B. Turley, Rose T. Deatherage, Elizabeth Higgins, John W. Turley, and the fee owners, W. B. Turley and Bessie T. Bruce.

W. B. Turley and Bessie T. Bruce, the fee owners, brought suit against Nannie Turley, the life tenant, and the remaindermen, for the purpose of obtaining a partition of the land. Being of the opinion that plaintiffs were entitled to partition against the life tenant only, and that on her death a new partition would have to be had between them and the remaindermen, the circuit court sustained a demurrer to and dismissed the petition. Plaintiffs appeal.

The controlling statute is section 499, Civil Code, which is as follows:

"A person desiring a division of land held jointly with others, or an allotment of dower, may file in the circuit court or county court of the county in which the land or the greater part thereof lies a petition containing a description of the land, a statement of the names of those having an interest in it, and the amount of such interest, with a prayer for the division or allotment; and, thereupon, all persons interested in the property who have not united in the petition shall be summoned to answer on the first day of the next term of the court. The written evidences of the title to the land, or copies thereof, if there be any, must be filed with the petition."

It seems to be the general rule that a partition binding on the remaindermen cannot be had under the circumstances here presented unless authorized by statute. 30 Cyc. 184. In the leading case of Stevens v. Enders, 13

N. J. L. 271, the right of partition was denied on the ground that, under the New Jersey statute, remaindermen were not even proper parties to a partition suit because they were not entitled to the present possession of their shares. Our statute, however, is much broader. It authorizes a partition by any person desiring a division of land held jointly with others, and provides that "all persons interested in the property who have not united in the petition shall be summoned to answer on the first day of the next term of court," thus disposing of the theory that remaindermen are not even proper parties to the action. Furthermore, it is apparent that section 499 of the Code, *supra,* and section 490, subsection 2, providing for the sale of land for division where it cannot be divided without materially impairing its value, are closely related, and that a partition may generally be had where a sale would be proper except for the fact that the land cannot be divided without materially impairing its value.

In the case of Atherton v. Warren, 120 Ky. 151, 85 S. W. 1100, the property was held jointly by the Warren heirs and Lee as tenant by the curtesy in an undivided part. The point was emphasized that all the unities of interest, title, time and possession, creating a joint tenancy at the common law, were not a prerequisite to the chancellor's power to adjudge a sale. On the contrary, it was explained that all that was necessary was a vested estate, and that joint tenants, tenants in common and coparceners have a vested estate, and are entitled to have a division of their real estate or a sale thereof, if it is not susceptible of division. It was accordingly held that under section 490 of the Civil Code, providing for the sale of real estate held jointly by two or more persons, if the property be in possession and cannot be divided without materially impairing its value, a sale may be had where there are vested estates jointly held, though one of the parties is a life tenant in an undivided part, and the remaindermen are infants, and the case of Dineen v. Hall, 112 Ky. 273, 65 S. W. 445, 66 S. W. 392, announcing a contrary doctrine was expressly overruled. Furthermore, the court called attention to the case of Berry v. Lewis, 118 Ky. 652, 82 S. W. 252, and similar cases holding that a sale could not be had where there was a life estate in the whole of the property, as it was not an estate in possession jointly owned by two or more persons. In the case of Craddock

v. Smythe, 99 S. W. 216, 30 K. L. R. 455, the court approved and followed the rule announced in Atherton v. Warren, *supra,* and held that a life tenant of a half of real estate may maintain partition against the owner of the fee in such half, and the owner of the fee of the other half, and obtain a sale of the property and a division of the proceeds on showing that the property was not susceptible of division without materially impairing its value. In that case the court also made it clear that the rule did not apply where there was a life estate in the entire property sought to be sold. Furthermore, we find that a number of the courts are committed to the rule that when a life tenant of an undivided portion seeks partition from the fee owner of another portion, or *vice versa,* all persons having an interest in the premises may be made parties so as to render the partition complete and finally binding not only as between the tenant in fee and the life tenant, but also as between the tenant in fee and the remaindermen. Gayle v. Johnson (1885) 80 ala., 395; McQueen v. Turner (Ala.) 91 Ala. 273, 8 So. 363; Hollis v. Watkins (1913) 181 Ala. 248, 61 So. 893; Wheat v. Wheat, 190 Ala., 461, 67 So. 417; Wheat v. Wheat, 190 Ala. 468, 67 So. 420; Betz v. Farling, 274 Ill. 107, 113 N. E. 40; Tower v. Tower, 141 Ind. 223, 40 N. E. 747; McEachern v. Gilchrist, 75 N. C. 196; Carneal v. Lynch, 91 Va. 114, 50 Am. St. R. 819, 20 S. E. 959. In the case of Gayle v. Johnston, *supra,* we find the following:

"The better rule permits all the interests to be brought before the court and represented, so that the decree pronounced shall bind all interests, and conclude the claims of remaindermen as well as those of the termors, or life tenants. 'If a complete partition be desired, all parties interested may be brought before the court, and all estates, whether in possession or expectancy, including those of infants of all persons not *in esse,* may be bound by the decree.' Adams Eq., 230; Lord Brook v. Lord Hertford, 2 Peere Wms. 518; Gaskell v. Gaskell, 6 Sim. 643; Striker v. Mott, 2 Paige 387; Woodworth v. Campbell, 5 Paige 518; Freeman on Co. & Part., sections 439 to 441; Young v. Rathborn, 1 C. E. Green. 224; Maxwell v. Gretsam, 11 Vr. 383; Bromberger v. Clippenger, 5 Watts & S. 311. The latter rule is so much more promotive of the interest of the parties, contributes so much more effectively to the improvement and preservation of the estate. that it should always be pursued when practicable. The present bill makes the remaindermen a party

and therefore proves its purpose is to obtain complete, as distinguished from temporary, partition."

In view of these authorities and of our statute authorizing a division of land held jointly with others, and requiring all persons having an interest in the land to be made parties, we perceive no reason why the rights of the remaindermen may not now be fully protected, or a fair and equitable partition binding on the remaindermen, as well as the life tenant, cannot be made. On the other hand, if the partition be binding only during the lifetime of the life tenant, it is apparent, as pointed out in the opinion in Gayle v. Johnston, *supra*, that great inconvenience and hardship will result, as the fee owners, not knowing whether in the final division they will receive the same land or not, will not be able fully to enjoy, improve and develop the land allotted to them. We therefore conclude that the fee owners of an undivided portion of a tract of land may have a valid and binding partition thereof, not only as against the life tenant of the other portion, but against those who own the remainder subject to the life estate.

The case of Eversole v. Combs, 130 Ky. 82, 112 S. W. 1132, does not announce a contrary rule, for in that case there was a life estate in the entire property, and therefore no estate in possession jointly owned by two or more persons.

It follows that the demurrer to the petition should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.