## Duke v. Allen.

Decided March 20, 1923.)

### Appeal from Floyd County Court.

1. Courts—County Court and Circuit Court have Concurrent Jurisdiction.—Subject to the right of a party to have the action removed from the county court to the circuit court after filing an answer controverting the allegations of the petition, and contesting the rights therein claimed, county courts and circuit courts have concurrent jurisdiction of partition proceedings, under Civil Code of Practice, section 499, subsecs. 1, 10-12.

2. Partition—Remaindermen  Cannot Have Compulsory Partition During Life Tenancy of Entire Property.—Remaindermen cannot have compulsory partition where there is an outstanding life estate in the entire property, since the object of partition is to avoid the inconvenience which results from a joint or common possession, and therefore it was improper to decree partition of a tract of land which was subject to the widow's dower right to occupy and enjoy for her life.

B. F. COMBS and A. B. COMBS for appellant.

A. J. MAY and W. P. MAYO for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

T. G. Allen, a resident of Floyd county, died intestate, leaving a widow, Susan Allen, and six children, Coly Allen, J. H. Allen, C. E. Allen, Rosalie Leslie, Octavia

Combs and Effie Duke. In an action for partition and allotment of dower, a tract of land containing 190 acres was conveyed to the widow for life, while the remainder of the land was partitioned and conveyed to the children.

This suit was brought in the Floyd county court by the widow and five of the children against Effie Duke, the other child, for a partition of the dower tract, subject to the right of the widow to occupy and enjoy the lands and improvements thereon for and during her natural life, the widow joining in the action and requesting the division among the children so that they might each make such improvements on their respective shares as they might desire. Her demurrer to the petition having been overruled, Effie Duke then filed a motion to remove the cause to the Floyd circuit court for trial, which motion was also overruled. Having declined to plead further, judgment was entered decreeing partition in accordance with the prayer of the petition. Effie Duke appeals.

Subject to the right of a party to have the action removed from the county court to the circuit court after the filing of an answer controverting the allegations of the petition, or contesting the rights therein claimed, county courts and circuit courts have concurrent jurisdiction of partition proceedings, and, from a final judgment rendered by either court, an appeal may be taken to this court. Civil Code of Practice, section 499, subsections 1, 10, 11 and 12.

If, in requesting the partition, the widow had agreed to surrender her right of possession, a different question would be presented, but the partition was asked and granted on the express condition that it should not interfere with her right as life tenant to use, occupy and enjoy the property as her own. Though, because of the special statutes there in force, the courts of some of the states take a different view of the question, it is generally held, and such is the rule in this state, that remaindermen cannot have compulsory partition where there is an outstanding life estate in the entire property. Turley v. Turley, 193 Ky. 151, 235 S. W. 18; Berry v. Lewis, 118 Ky. 652, 82 S. W. 252, 84 S. W. 526; Eversole v. Combs, 130 Ky. 82, 112 S. W. 1132; Savage v. Savage, 19 Ore. 112, 20 A. S. R. 795, 23 Pac. 890; Nichols v. Nichols, 28 Vt. 228, 67 Am. Dec. 699; Culver v. Culver, 2 Root 278; Pabst Brewing Co. v. Melms, 105 Wis. 441, 75 A. S. R. 919, 81 N. W. 882. The reason for the rule is that the

objects of the partition are to avoid the inconveniences which result from a joint or common possession and enable the petitioner to possess, enjoy and improve his share in severalty. Therefore if the petitioner is neither in possession nor entitled to possession, he could not possess and enjoy his share in severalty even if it were set apart to him, and that being true, there are no inconveniences of a joint or common possession of which he can complain. Not only, then, would the proceeding fail of its purpose, but the partition, though equal when made, might be very unequal when the estate should vest in possession. It follows that the court erred in granting the relief prayed.

Judgment reversed and cause remanded with directions to dismiss the petition.